USCA1 Opinion

 

 November 10, 1992 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-1710 UNAUTHORIZED PRACTICE OF LAW COMMITTEE, AND AVRAM COHEN Plaintiffs, Appellees, v. REVEREND GERALD GORDON, Defendant, Appellant. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Torruella and Selya, Circuit Judges. ______________ ___________________ Reverend Gerald Gordon on brief pro se. ______________________ James E. O'Neil, Attorney General, and Richard B. Woolley, ________________ __________________ Assistant Attorney General, on brief for appellees. __________________ __________________ Per Curiam. In July 1991, Gerald Gordon filed a notice ___________ of removal in the Federal District Court for the District of Rhode Island, purporting to remove a civil action, charging Gordon with the unauthorized practice of law, that had been filed against him in the Rhode Island state Superior Court in June 1987. The state plaintiffs moved for summary dismissal or, alternatively, to remand, alleging lack of jurisdiction, untimeliness, res judicata,1 and insufficient service of process. The motion was referred to a magistrate judge. The magistrate held a hearing on November 20, 1991. Although Gordon was notified of the hearing, he did not appear. On January 8, 1992, the magistrate entered an order remanding the matter to the state court. The magistrate concluded that the federal court lacked subject matter jurisdiction because the state court complaint did not aver the existence of diversity of citizenship and the claims do not arise under federal law. The magistrate also concluded that the notice of removal failed to contain a short and plain statement of the grounds for removal together with a copy of all process, pleadings, and orders served upon Gordon in state court, see 28 U.S.C. 1446(a), and that it failed ___ ____________________ 1. This was Gordon's third attempt to remove this state court case to the federal court. We dismissed the appeal from his first failed attempt for lack of jurisdiction. Unauthorized Practice of Law Comm. v. Gordon, No. 87-1941 ____________________________________ ______ (1st Cir. 1988). We dismissed the appeal from the second failed attempt for lack of prosecution. Gordon v. ______ Unauthorized Practice of Law Comm., No. 88-1452 (1st Cir. ____________________________________ 1988). to comply with 28 U.S.C. 1446(b), in that Gordon had not filed the notice of removal within 30 days after receipt of a copy of the state court complaint. Gordon did not file any objections nor did he seek review of this order in the district court. On June 2, 1992, the district court entered an order, which stated: The Memorandum and Order of Remand entered by United States Magistrate Judge Jacob Hagopian on January 7, 1992, in the above matter, has become final since no appeal has been timely filed and the time for appealing has expired. Gordon filed a notice of appeal from this order on June 16, 1992. We dismiss for lack of jurisdiction. The Motion to Remand The Motion to Remand ____________________ We digress briefly at the outset to consider the authority of the magistrate vis-a-vis a motion to remand. There is a split in the caselaw as to whether a magistrate has the authority to enter a final order of remand or whether a magistrate's power extends only to making a report and recommendation on the issue of remand to the district court, which, in turn, renders a determination. The disparity in views turns on whether a motion for remand is a dispositive matter. Section 636(b)(1)(A) of Title 28 permits the district court to refer to a magistrate for hearing and determination -3- any pending pretrial matter, with the exception of, what have been termed, dispositive matters, therein listed as: a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. As for a nondispositive matter referred to a magistrate, the magistrate enters a final order. Fed. R. Civ. P. 72(a). Within 10 days of service of a copy of the order, a party may serve and file objections, which the district court judge shall consider, under a standard of review of clearly erroneous or contrary to law. Id. ___ Pursuant to 636(b)(1)(B), the district court may also refer to a magistrate any of the excepted dispositive matters listed in 636(b)(1)(A). In that instance, however, the magistrate files proposed findings and recommendations with the district court. 28 U.S.C. 636(b)(1)(B). Within 10 days of service of a copy of the proposed findings and recommendations, a party may serve and file objections, which the district court reviews de novo. Id.; see also Fed. R. ___ ________ Civ. P. 72(b). A motion to remand is not specifically listed as an excepted dispositive matter in 636(b)(1)(A). Accordingly, some courts have determined that it is a nondispositive -4- matter within the authority of the magistrate to determine by final order. McDonough v. Blue Cross of Northeastern _________ _____________________________ Pennsylvania, 131 F.R.D. 467 (W.D. Pa. 1990) (district court ____________ order upholding memorandum and order of magistrate); North _____ Jersey Savs. & Loan Assoc. v. Fidelity & Deposit Co., 125 ___________________________ _______________________ F.R.D. 96, 98 (D.N.J. 1988); Jacobsen v. Mintz, Levin, Cohn, ________ ____________________ Ferris, Glovsky & Popeo, P.C., 594 F. Supp. 583, 586 (D. Me. _____________________________ 1984); see also Walker v. Union Carbide Corp., 630 F. Supp. ________ ______ ___________________ 275, 277 (D. Me. 1986) (relying on Jacobsen, supra, and ________ _____ reviewing order of remand under standard of clearly erroneous or contrary to law). On the other hand, at least two courts view a remand order as the equivalent of an involuntary dismissal - a dispositive matter specifically excepted from those in which a magistrate has the authority to enter a final order. Long ____ v. Lockheed Missiles & Space Co., 783 F. Supp. 249, 250-51 ______________________________ (D.S.C 1992); Giangola v. Walt Disney World Co., 753 F. Supp. ________ _____________________ 148, 152 (D.N.J. 1990).2 According to these courts, a magistrate, presented with a motion to remand, is restricted to proposing findings and recommendations for disposition by the district court. Long v. Lockheed Missiles & Space Co., ____ ______________________________ 783 F. Supp. at 250-51; Giangola v. Walt Disney World Co., ________ ______________________ 753 F. Supp. at 152. ____________________ 2. Although at odds with North Jersey Savs. & Loan, supra, a _________________________ _____ case also from the District of New Jersey, the Giangola ________ opinion does not mention it. -5- It is evident that the magistrate and the district court judge in the instant case treated the motion to remand as a nondispositive matter within the authority of the magistrate to determine by final order. While we note the existing and conflicting caselaw on this issue, we need not enter the fray at this time for we conclude that, in any event, we lack jurisdiction over this appeal. Appellate Jurisdiction Appellate Jurisdiction ______________________ "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise [subject to an exception not applicable in this case]." 28 U.S.C. 1447(d). The magistrate's order remanded for lack of jurisdiction. An order remanding for lack of jurisdiction is immune from review, whether erroneous or not. Thermtron _________ Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 343 (1976); _____________ _____________ Gravitt v. Southwestern Bell Tel. Co., 430 U.S. 723 (1977); _______ ___________________________ Volvo of Am. Corp. v. Schwarzer, 429 U.S. 1331, 1332 _____________________ _________ (Rehnquist, Circuit Justice 1976). As noted, supra, at 4-5, the district court, in North _____ _____ Jersey Savs. & Loan v. Fidelity & Deposit Co., 125 F.R.D. at ___________________ _______________________ 98, concluded that a motion to remand is a nondispositive matter in which a magistrate may enter a final order, pursuant to 636(b)(1)(A), which, if timely objected to, the district court considers under a standard of review of clearly erroneous or contrary to law. See also Fed. R. Civ. ________ -6- P. 72(a). The North Jersey Savs. & Loan court noted that ___________________________ this provision for district court review of a magistrate's final order of remand is seemingly at odds with 1447(d)'s prohibition of "review[] on appeal or otherwise." North _____ Jersey Savs. & Loan v. Fidelity & Deposit Co., 125 F.R.D. at ____________________ ______________________ 98-99. That court found significant the introductory language of 636(b)(1) -"[n]otwithstanding any provision of law to the contrary."3 Id. It also found significant that ___ this language was enacted after the enactment of the Removal Act's prohibition of review of remand orders. Id. The North ___ _____ Jersey Savs. & Loan court concluded that Congress intended, ____________________ by this later-enacted language, to preempt 1447(d)'s prohibition of review of remand orders and to permit district court review of a magistrate's final order of remand. Id. ___ As with the question of the dispositive/nondispositive nature of a motion to remand, we need not, and do not, resolve the relationship between 636(b)(1)(A)'s grant, to the district court, of review of a magistrate's final order of remand (assuming that a motion to remand is a nondispositive matter) and 1447(d)'s prohibition of review of orders of remand. We conclude that whether or not we concurred with the reasoning of the North Jersey Savs. & Loan _________________________ court, Gordon cannot obtain review in this court. ____________________ 3. The provision for district court review appears immediately thereafter in subsection "(A)" of 636(b)(1). -7- Gordon filed no objections with the district court to the magistrate's January 8th order of remand. If, as in the view of the magistrate and district court below (and the North Jersey Savs. & Loan court), the motion to remand was a _________________________ nondispositive matter, permitting the magistrate to enter a final order, Gordon has waived review of that order. Within 10 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate's order to which objection was not timely made. Rule 72(a) (governing nondispositive matters). Even if 636(b)(1)(A) permitted district court review of the magistrate's final order of remand, notwithstanding the language of 1447(d), Gordon's failure to file objections with the district court has barred any review he might have had. Moreover, even if 636(b)(1)(A) permits district court ______________ review of the magistrate's final order of remand, notwithstanding the language of 1447(d), it does not speak to review in this court. The language of 1447(d) ____ prohibiting "review[] on appeal or otherwise" of a remand order would, it seems, apply, nonetheless, to an appeal from the district court's review of the magistrate's final order of remand. On the other hand, as we have noted, some courts view a motion to remand as a dispositive matter in which a -8- magistrate is restricted to proposing findings and recommendations for disposition by the district court. Gordon's quest for appellate review fares no better under this view. Even were we to construe the magistrate's order of remand as a recommendation to the district court, Gordon's failure to object to that order/recommendation bars further appellate review. Scott v. Schweiker, 702 F.2d 13, 14 (1st _____ _________ Cir. 1983). More to the point, however, 1447(d)'s prohibition on review of a remand order dooms Gordon's appeal here. Accordingly, we dismiss this appeal for lack of jurisdiction. Appeal dismissed. _________________ -9-