February 9, 1993

UNITED STATES COURT OF APPEALS
For The First Circuit

No. 92-1600

GLADYS L. COK,

Plaintiff, Appellant,

v.

FAMILY COURT OF RHODE ISLAND, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, U.S. District Judge]

Before

Breyer, Chief Judge,

Campbell, Senior Circuit Judge,

Torruella, Circuit Judge.

Gladys L. Cok on brief pro se.

James E. O'Neil, Attorney General, and Richard B. Woolley,

Assistant Attorney General, on brief for appellees.

February 9, 1993

Per Curiam. Pro se plaintiff-appellant Cok

appeals from an order remanding to the state court a matter

which Cok had attempted to remove, and from an injunction

preventing her from removing any other matters and placing

restrictions on future filings. We are without

jurisdiction to review the remand order, and vacate the

injunction.

REMOVAL AND REMAND

Cok was divorced in Rhode Island in 1982.

Protracted and acrimonious proceedings in the Rhode Island

Family Court have continued to this day and form the

backdrop of this appeal. According to Cok, the divorce and

its fallout have produced over 600 orders. Cok's

contentions, while characterized in terms of preemption and

federalism, revolve, at bottom, around her continuing

objections to family court orders doling out her money to

various persons whom she considers unworthy and corrupt.

This is at least Cok's second attempt to remove

matters devolving out of her divorce to the federal

district court. In 1984, the Supreme Court of Rhode Island

affirmed the divorce decree including various fees awarded.

After the court-appointed guardian ad litem had moved in

the Family Court of Rhode Island to collect a fee for his

services, and the conservator, on order of the court, had

attempted to sell certain properties owned by Cok, Cok

undertook to remove the case to the District Court for the

District of Rhode Island. Finding the case unremovable,

the district court remanded. We summarily dismissed Cok's

appeal from that order under the authority of 28 U.S.C.

1447(d). Cok v. Cosentino, No. 85-1058, slip op. (1st Cir.

May 1, 1985). Thereafter, in Cok v. Cosentino, 876 F.2d 1

(1st Cir. 1989), we affirmed the dismissal of Cok's civil

rights and RICO complaints against the same court-appointed

guardian ad litem and conservator of marital assets.

Subsequently, Judge Suttell of the Family Court of Rhode

Island ordered the payment of $160,000 to the conservator,

that amount to be disbursed from a $200,000 fund that Cok

was "forced" to deposit with the family court.

In September 1991, apparently in response to Judge

Suttell's order, Cok attempted this removal. The State of

Rhode Island and its family court appeared specially and

moved for summary dismissal or, alternatively, for remand.

The matter was referred to a magistrate-judge, who, after a

hearing, determined that the remand motion should be

granted. In concluding that the matter had been

improvidently removed, the magistrate observed that Cok, in

essence, sought appellate review of a matter decided by

Judge Suttell, and had "misconstrued the purpose and proper

use of the removal statute, 28 U.S.C. 1446." The

magistrate also found that Cok was attempting to litigate a

different set of claims than those litigated in family

-3-

court and that these new claims could not be brought via a

removal petition. The district court upheld the remand

order and Cok has appealed.1

This court is altogether without jurisdiction to

review the subject of this appeal: a district court order

remanding plaintiff's case to a Rhode Island state court.

We so held on very similar facts in Unauthorized Practice

of Law Committee v. Gordon, 979 F.2d 11 (1st Cir. 1992).

In Unauthorized Practice, involving, as here, a remand

order issued by a magistrate-judge and affirmed by the

district court, we determined that such an order was immune

from appellate review under 28 U.S.C. 1447(d). Id. at

13. The same result applies here.

Unlike the plaintiff in Unauthorized Practice, Cok

filed, within the ten days normally reserved for objecting

to a magistrate's report and recommendation, a motion to

reconsider the order granting the motion to remand. The

district court held a hearing on the motion, and "affirmed"

the magistrate's remand order. Nonetheless, as discussed

in Unauthorized Practice, id. at 13-14, despite 1447(d)'s

language precluding review of remand orders "on appeal or

otherwise" (emphasis added), whether the district court was

1. At the hearing before the district court to reconsider
the remand order, Cok withdrew her motion for recusal of the
district judge, and it was not acted upon. Although raised
on appeal, that issue has been waived.

-4-

reviewing a final order of remand (as appears to be the

case), or whether it construed the magistrate's order as a

report and recommendation and Cok's motion to reconsider as

objections thereto, " 1447(d)'s prohibition on review of a

remand order dooms [the] appeal here." Id. at 14.

THE INJUNCTION

At the hearing on the motion to reconsider the

remand order, the district court, sua sponte, enjoined Cok

from attempting the pro se removal of any matters from the

family court, or from filing any pro se actions in district

court, without the prior approval of a judge of the court,

and entered an order to that effect. It states:

Plaintiff is hereby enjoined from
removing any matters to this Court from
the Rhode Island Family Court, pro se,
and is also enjoined from commencing any
actions in this Court, pro se, without
prior approval of a Judge of this Court.

On appeal from this injunctive order, Cok challenges the

propriety of such an injunction, complaining of the absence

of supporting findings by the district court.2

Federal courts plainly possess discretionary

powers to regulate the conduct of abusive litigants.

2. In agreement with other circuits that have considered the
question, we are satisfied that we have jurisdiction to
review an order restricting a pro se litigant's right of

access even when no new filing has, as yet, been rejected
under the order. See Moy v. United States, 906 F.2d 467, 470

(9th Cir. 1990) (collecting cases); Pavilonis v. King, 626

F.2d 1075, 1077 (1st Cir.), cert. denied, 449 U.S. 829

(1980).

-5-

Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985);

Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir.), cert.

denied 449 U.S. 829 (1980). However, the restrictions

imposed must be tailored to the specific circumstances

presented. Castro, 775 F.2d at 410 ("[I]f an injunction

against future litigation were couched in overly broad

terms, this could impermissibly infringe upon a litigator's

right of access to the courts"); see also Sires v. Gabriel,

748 F.2d 49, 51-52 (1st Cir. 1984).

To determine the appropriateness of an injunction

barring a litigant from bringing without advance permission

any action in the district court, we look to the degree to

which indicia supporting such a comprehensive ban are

present in the record. We have said that the use of broad

filing restrictions against pro se plaintiffs "should be

approached with particular caution." Pavilonis, 626 F.2d

at 1079. We have also required, like other jurisdictions,

that in such situations a sufficiently developed record be

presented for review. See, e.g., Castro, 775 F.2d at 409 &

n.11; see also De Long v. Hennessey, 912 F.2d 1144, 1147-48

(9th Cir.), cert. denied, 111 S. Ct. 562 (1990); In re

Powell, 851 F.2d 427, 431 (D.C. Cir. 1988).

An initial problem with the present injunction is

that Cok was not warned or otherwise given notice that

filing restrictions were contemplated. She thus was

-6-

without an opportunity to respond before the restrictive

filing order was entered. Adequate notice may be informal

but should be afforded. For example, in Pavilonis, 626

F.2d at 1077, a magistrate's report recommended that the

district court impose filing restrictions and the plaintiff

filed objections to that report. In Castro, 775 F.2d at

402, the defendants tried to enjoin the plaintiffs from

relitigating matters arising out of the case at hand or any

earlier litigation between the parties. Where

recommendations or requests like this do not come first,

courts have issued show cause orders to errant pro se

litigators, Cofield v. Alabama Pub. Serv. Comm., 936 F.2d

512, 514 (11th Cir. 1991), or have entered a cautionary

order to the effect that filing restrictions may be in the

offing in response to groundless litigation. See, e.g.,

Martin v. District of Columbia Court of Appeals, 113 S. Ct.

397, 398 (1992); Ketchum v. Cruz, 961 F.2d 916, 918 (10th

Cir. 1992); Winslow v. Romer, 759 F. Supp. 670, 678 (D.

Colo. 1991) (plaintiff repeatedly "informed" that a

litigant may not collaterally attack a state court judgment

or order in federal court, or unilaterally declare such

judgments or orders void, and then use that proclamation as

the basis for an action against court or government

officials, attorneys, or other parties). Here, as in

Sires, 748 F.2d at 51, the defendants did not seek an

-7-

injunction nor did they maintain that they had been

harassed by Cok's conduct. We think, therefore, that Cok

should have been given an opportunity by the court to

oppose the entry of so broad an order placing restrictions

on court access. Accord De Long, 912 F.2d at 1147; Tripati

v. Beaman, 878 F.2d 351 (10th Cir. 1989); In re Powell, 851

F.2d at 431; Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d

Cir. 1987); In re Hartford Textile Corp., 613 F.2d 388, 390

(2d Cir. 1979), cert. denied, 447 U.S. 907 (1980) (district

court, in entering sua sponte order curtailing pro se

litigant's future access to the courts, must give notice

and allow litigant to be heard on the matter).

A second question is whether the record is

sufficiently developed to show that an injunction as

sweeping as this one is warranted. Plaintiff is enjoined,

inter alia, from "commencing any actions in this court, pro

se, without prior approval. . . ." It would have been

helpful had the court identified what previously filed

frivolous cases or other abuses caused it to issue this

injunction. See, e.g., Castro, 775 F.2d at 409 n.11; see

also Martin, 113 S. Ct. at 397 nn.1 & 2; In re Sindram, 498

U.S. 177 n.1 (1991); De Long, 912 F.2d at 1147-48; Tripati,

878 F.2d at 353; In re Martin-Trigona, 737 F.2d 1254, 1264-

74 (2d Cir. 1984) (reciting history of extensive filings).

While it is clear enough that - beyond the instant removal

-8-

-Cok made a misguided removal effort in 1984, and

unsuccessfully sued the guardian ad litem thereafter, we

are unclear whether these were the full extent of her

actions leading to the injunction. If they were, the court

should have explained why it felt it appropriate to ban,

without findings as to the abuses of the judicial process

causing imposition of the injunction, the commencement of

"any actions in this court" (as opposed, for example, to a

ban merely on further attempts, without authorization, to

remove, pro se, more proceedings from the Rhode Island

Family Court divorce case). See Sires, 748 F.2d at 51; see

also De Long, 912 F.2d at 1148; In re Powell, 851 F.2d at

431. Injunctions restricting court access across the board

in all cases are very much "the exception to the general

rule of free access to the courts." Pavilonis, 626 F.2d at

1079. They should be issued only when abuse is so

continuous and widespread as to suggest no reasonable

alternative.

We emphasize that it is the breadth of the instant

order that causes us some concern. Had the court, after

notice and opportunity to respond, merely enjoined Cok from

further frivolous removals from the family court, we would

have doubtless approved. The present record supports such

a limited order. We have not hesitated to uphold

injunctions that were narrowly drawn to counter the

-9-

specific offending conduct. Castro, 775 F.2d at 410; cf.

Pavilonis, 626 F.2d at 1079 (upholding issuance of

injunction but narrowing its scope). But this order is not

limited to restricting improper conduct of the type which

the present record indicates plaintiff has displayed in the

past. If the "specific vice" sought to be curtailed is

simply the appellant's propensity, as here and in 1984, to

attempt improper removals to federal court of matters based

on her state divorce proceeding, the district court may,

after notice, wish to enter an order limiting such conduct.

See Castro, 775 F.2d at 410. On the other hand, if the

court means to issue a more generalized injunction aimed at

preventing the bringing of any and all unpermitted pro se

actions in the district court, it must develop a record

showing such widespread abuse of the judicial system as to

warrant such a broadcast prohibition. Id. at 410 n.13.

We recognize that the district court is in the

best position to set preconditions on access and do not

prescribe any particular design for such restraints to

take. See Procup v. Strickland, 792 F.2d 1069, 1073 (11th

Cir. 1986) (en banc) (compiling illustrative restrictions);

see also Abdul-Akbar v. Watson, 901 F.2d 329, 333 (3d Cir.

1990); Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir.

1986); Winslow, 759 F. Supp. at 678, 683-85. We are also

sympathetic to the difficult task faced by a court in

-10-

attempting to ensure that judicial resources are not

misused by abusive litigants. The present litigant has

clearly been acting in an unacceptable manner. But for the

reasons discussed above, we are unable, without more, to

affirm an injunction of unlimited breadth.

CONCLUSION

Plaintiff's appeal from the remand order is

dismissed for lack of jurisdiction. The order as now

worded enjoining the plaintiff, pro se, from removing

family court matters and commencing any actions in the

district court, pro se, without prior approval, is vacated

and remanded to the district court for further proceedings

not inconsistent with this opinion.

Appellant's pending motion for a stay of this

appeal is denied.

So ordered.

-11-