Merrimack
No. 95-044

LEON CABLE

v.

WARDEN, NEW HAMPSHIRE STATE PRISON

October 31, 1995

*Jefferson K. Allen*, of Rindge, by brief and orally, for the plaintiff.

*Jeffrey R. Howard*, attorney general (*Christopher P. Reid*, assistant attorney general, on the brief and orally), for the defendant.

BROCK, C.J. The plaintiff, Leon Cable, appeals the Superior Court (*McHugh*, J.) denial of his petition for writ of habeas corpus. The plaintiff argues that the New Hampshire Adult Parole Board (parole board) requirement that he complete a sexual offender program before becoming eligible for parole violates his State and federal constitutional due process rights. In addition, he contends that the parole board breached an oral contract with him. We affirm.

In 1987 the plaintiff pleaded guilty to two counts of aggravated felonious sexual assault and one count of felonious sexual assault,

although he maintained his innocence. *See North Carolina v. Alford,* 400 U.S. 25, 37 (1970). The plaintiff was sentenced to concurrent sentences of six to twelve years for one count of aggravated felonious sexual assault, six to fifteen years for the second count of aggravated felonious sexual assault, and two to five years for the felonious sexual assault charge.

The plaintiff sought parole in 1993. His request was denied after a hearing at which he asserted his innocence of the crimes of which he was convicted. During the hearing, parole board members suggested that the plaintiff participate in the prison's sexual offender program (SOP) in order to improve his chances for parole:

Board:    [W]e don't know if this was a problem with you and if [it's] a continuing problem or not. We've got no prognosis of how you're gonna do on parole in regard to . . . sex offending.

           . . . .

           It has more to do with [the fact] that you've been here seven years and have you even done anger management?

Plaintiff:  No.

Board:    [H]ave you done anything to look inside yourself, to ask yourself, okay, if I go out there, what assurance do I have that I'm not gonna screw up again and end up back here? You haven't even done that. There's a lot of programs here. I'm . . . agreeing with you that the [SOP] may not be the answer, but you gotta have someone who will come in here, either sit in her[e] or sit out [there] and say "look, [the plaintiff has] been in this program and I think that whatever caused him to be a bad person for the first 35 years of his life, that's gone by, he's . . . a good risk to make on parole." That's what we have to hear. . . . I'm not denying you parole because you haven't completed the program. I'm denying parole because I feel there are some things you have to do to get somebody to come in here and write you a good ticket. And, aren't there programs?

           . . . .

Plaintiff:  So what kind of program you want me to take, Anger Management?

           . . . .

Board: Anger Management, but I, I would also sit down and rethink this denial. You're doing the time anyway, I would, that's your, that's you[r] easiest ticket out of here, say, yeah, okay, I'm gonna go through the program.

In 1994, the plaintiff again sought parole, after completing the prison's anger management program. Early in the hearing, the parole board again asked him why he had not completed the SOP. He again asserted his innocence and reminded the parole board that he had entered an *Alford* guilty plea. The remainder of the hearing consisted of a discussion of the plaintiff's refusal to admit responsibility for the conduct underlying his conviction, and the parole board's suggestion that he participate in the SOP. The plaintiff's request for parole was denied. The instant petition for writ of habeas corpus followed.

In his petition, the plaintiff argues that the parole board's "requirement" that he complete the SOP constitutes an impermissible augmentation of his sentence, since the sentencing court included no such minimum requirement for early release. This argument is without merit.

As we stated in *Knowles v. Warden, N.H. State Prison*, 140 N.H. 387, 389, 666 A.2d 972, 975 (1995), the plaintiff has asserted an invasion of a "third-level" liberty interest, and he "has no right to parole, unless he presents some provision grounded in State law mandating his release upon proof of certain ascertainable facts." *Id.* at 389, 666 A.2d at 975 (quotation and brackets omitted). The parole board has broad discretion in carrying out its obligation to "aid[] in the [prisoner's] transition from prison to society . . . [and] to protect the public from criminal acts by parolees." RSA 651-A:1 (Supp. 1994); *Baker v. Cunningham*, 128 N.H. 374, 380-81, 513 A.2d 956, 960 (1986). Before granting parole to a particular inmate, the parole board is obliged to find "a reasonable probability that [the inmate] will remain at liberty without violating the law and will conduct himself as a good citizen." RSA 651-A:6, I (1986).

■■ We agree with the trial court's conclusion that "the parole board has the independent authority to require the petitioner to complete the sexual offender program before he is released on parole." The parole board's own rules, authorized by RSA 651-A:4, III (1986), provide that it may deny parole if "in the judgment of the Board . . . [c]ontinued treatment, mental or psychological care, or vocational or other training within the institution would substantially improve the inmate's capacity to lead a law-abiding life upon release at a future date." N.H. ADMIN. RULES, Par 302.01(c).

■ ■ The parole board's condition does not constitute an augmentation of the plaintiff's sentence. "The plaintiff's refusal to admit guilt will not cause him to serve additional prison time; he simply may be required to serve the sentence he received originally." *Knowles*, 140 N.H. at 393, 666 A.2d at 977. The fact that the plaintiff entered an *Alford* plea does not affect the analysis. The plaintiff did not carry any additional constitutional rights with him into prison because of the character of his plea. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976) (noting that "given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty"); *Alford*, 400 U.S. at 37 (holding that admission of guilt is "not a constitutional requisite to the imposition of criminal penalty").

■ Finally, we reject the plaintiff's contention that he was entitled to parole at the time of his 1994 hearing because he had fulfilled the "conditions" placed on his parole eligibility at the previous hearing. The plaintiff characterizes the parole board's requirement that he complete the SOP as "a new requirement." As we have stated, the parole board has broad discretion in what it may require before granting a prison inmate parole. *See Baker*, 128 N.H. at 380-81, 513 A.2d at 960. Further, a review of the initial parole hearing reveals that no "agreement" was reached during its pendency. The attitude of the board's members at the first meeting was very similar to the attitude the plaintiff faced at the second. The trial court's finding that "[n]o contract between the [plaintiff] and the parole board existed because no formal plan of action was given to the [plaintiff] to follow and the parole board made no definite representations that the [plaintiff] would be released if he followed their recommendations," is amply supported by the record.

*Affirmed.*

All concurred.