Allied v. Herrmann                          CV-95-535-M    02/08/96

UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Allied Electronic Services, Inc.
and Leonard Appell,
     Plaintiffs,

     v.                                          Civil no. 95-535-M

Stefan Herrmann; Peter Heidenfelder;
Bonacura, Inc.; Visicom Gmbh;
Heidenfelder Gmbh; Kiuchi Okamoto a/k/a
Kenneth Okamoto; Konamatsu USA, Inc.;
S. Laurence Shaiman; Noe Ellen Sabal;
Cable Corp., Inc.; and Tom Young,
     Defendants.



                          O R D E R


     On November 22, 1995, Magistrate Judge Muirhead issued a
report and recommendation (document no. 6), recommending that
plaintiffs' complaint be dismissed.  Plaintiffs filed no
objection (timely or otherwise).  By order dated December 15,
1995, the court adopted the Magistrate Judge's findings and
rulings and dismissed plaintiffs' complaint.  Plaintiff, Allied
Electronic Services, Inc., now moves the court to reconsider its
order of dismissal.  For the reasons set forth below, that motion
is denied.

**Discussion**

Having failed to object to the Magistrate Judge's report and recommendation, Allied has waived the right to appeal the court's order thereon.  Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).  Nevertheless, Allied moves the court to reconsider that order.  Interestingly, however, Allied does not challenge the substantive foundation upon which the court based its dismissal order.  Instead, it challenges the court's jurisdiction over this case, arguing that defendants failed to properly remove the action from state court and, therefore, the court lacks subject matter jurisdiction.  In essence, Allied seeks an order remanding the case to state court.

In support of its claim that the court lacks subject matter jurisdiction, Allied says that the removing defendant, S. Laurence Shaiman, neglected to obtain the requisite consent of the remaining defendants to its notice of removal.  28 U.S.C. §1446.  Allied failed, however, to object to removal in a timely fashion.  See 28 U.S.C. 1447(c) ("A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal.") (emphasis

2

added).  Allied has, therefore, waived its right to object to any procedural defects relating removal.  Nevertheless, a waiver of defects relating to the removal process cannot operate as a waiver of the fundamental requirement that the court have subject matter jurisdiction.  Jones v. Petty-Ray Geophysical Geosource, Inc., 954 F.2d 1061, 1063 (5th Cir.) cert. denied, 506 U.S. 867 (1992).

It can not seriously be disputed, however, that this court has subject matter jurisdiction over Allied's claims.  28 U.S.C. §1332.  In fact, Allied's own writ (originally filed in state court) contains factual allegations sufficient to establish that diversity jurisdiction exists.  Allied's Writ at paras. 2-7.  Moreover, Allied does not claim that diversity jurisdiction is lacking.  Instead, it merely asserts that, having been apprised of Allied's jurisdictional challenge at this late date, defendants should now be put to their burden of proof and required to establish that diversity jurisdiction exists.

The court is unmoved by Allied's argument.  Allied certainly could have originally brought this action in federal court and no legitimate challenge to this court's exercise of diversity

3

jurisdiction could have been raised. Even discounting the pleadings filed by defendants which support a finding that diversity jurisdiction lies, Allied's own writ contains sufficient factual allegations to support the exercise of diversity jurisdiction. Further discussion on that issue is neither necessary nor warranted.

**Conclusion**

Allied's motion to reconsider (document no. 25) is denied. The court reaffirms its order of December 15, 1995. However, some clarification of that order is warranted. For the reasons set forth in the order, plaintiff Leonard Appell has neither standing nor legal authority to bring an action to redress alleged injuries to the corporation. Accordingly, his claims are dismissed <u>with</u> prejudice. Those of the corporate plaintiff, Allied, are dismissed without prejudice.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

February 8, 1996

4

cc: Allied Electronic Services, Inc.
William K. Koppenheffer, Esq.
Leonard Appell
Stefan Herrmann
Peter Heidenfelder
Bonacura, Inc.
Heidenfelder Gmbh
Konamatsu USA, Inc.
Anne S. Duncan Cooley, Esq.
Jennifer A. Eber, Esq.
Noe Ellen Sabal
Cable Corp., Inc.
Tom Young