Smith v. Merrill, et al.                    CV-97-260-M    11/05/97   P

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**

Brian Smith, et al.

v.                                              Civil No. 97-260-M

Stephen Merrill, et al.

**REPORT AND RECOMMENDATION**

Plaintiffs in this civil rights action are eighteen inmates
at the New Hampshire State Prison ("NHSP") who assert numerous
constitutional violations stemming from the overcrowded
conditions there.  I preliminarily reviewed their complaint,
brought pursuant to 42 U.S.C. § 1983, to determine whether the
action may proceed.  See United States District Court for the
District of New Hampshire Local Rule ("LR") 4.3(d)(2); see also
28 U.S.C. § 1915A (1997) (requiring court to review pleadings
filed by in forma pauperis prisoners as soon as practicable to
determine whether the action may proceed).  As explained more
fully in the Order issued simultaneously herewith, I recommend
that the following defendants and claims be dismissed from this
action:

        1)    the New Hampshire Legislature -
                plaintiffs designated all members
                of the New Hampshire Legislature as
                defendants in this action. They
                enjoy legislative immunity for the
                conduct complained of here and, therefore,

should be dismissed;

2) the New Hampshire Judiciary - plaintiffs named every New Hampshire Superior Court judge, one Associate Justice of the New Hampshire Superior Court and one Supreme Court justice as defendants in this action. These defendants have absolute immunity for the actions complained of here and, therefore, also should be dismissed from this action;

3) former Governor Stephen Merrill - plaintiffs have failed to allege facts which state a claim against him upon which relief may be granted. He, therefore, should be dismissed;

4) denial of Right to Access the Courts - plaintiffs' allegations regarding restricted use of the library, limited storage space, photocopying charges and retaliatory discipline fail to state claims upon which relief may be granted and, therefore, should be dismissed; and

5) Parole Requirements/Release - plaintiffs' contentions that defendants Brodeur and Merrill have conspired to keep Brodeur from releasing prisoners on parole, and that certain parole requirements add to the overcrowded condition of the NHSP because they are too difficult to satisfy, also fail to state claims upon which relief may be granted and also should be dismissed.

I recommend that the foregoing defendants and claims be dismissed from this action. See 28 U.S.C. § 1915A(1); see also LR 4.3(d)(2)(A).

Any objection to this report and recommendation must be filed within ten days of receipt of this notice. Failure to file an objection within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).


                                    James R. Muirhead
                                    United States Magistrate Judge

Date:   November 5, 1997

cc:     Brian Smith, pro se
       John Bill, pro se
       Ronald Schultz, pro se
       Mark Gagnon, pro se
       Pete Provencher, pro se
       David Melvin, pro se
       Joseph Plumer, pro se
       Glenn Adams, pro se
       Timothy Wormald, pro se
       Kenneth Robertson, pro se
       Kevin Laurent, pro se
       Michael Wilson, pro se
       Ezequiel Berrocales, pro se
       Michael Dooling, pro se
       Norman Fazel, pro se
       Wallace Lowell, pro se
       Christopher Donnelly, pro se
       Larry Ralph, pro se