Couch v. NH State Prison        CV-96-547-B    12/07/98
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


James F. Couch

        v.                                  Civil No. 96-547-B

Michael J. Cunningham, Warden
New Hampshire State Prison


                        MEMORANDUM AND ORDER


        Petitioner James F. Couch is currently serving a three-and-

one-half- to seven-year sentence in the New Hampshire State

Prison for felonious sexual assault, a Class B felony, in

violation of N.H. Rev. Stat. Ann. § 632-A:3.  He has petitioned

this Court for a writ of habeas corpus pursuant to 28 U.S.C. §

2254 (West 1994 & Supp. 1998), claiming five alleged violations

of his constitutional rights.  The matter is before me on cross-

motions for summary judgment, filed pursuant to Fed. R. Civ. P.

56.  For the following reasons, I grant the State's motion and

dismiss Couch's petition without prejudice.


                        I.  FACTS

        Couch pled guilty to felonious sexual assault on February 6,

1993, in Cheshire County Superior Court.  As part of his plea

agreement, Couch was sentenced to 12 months in the Cheshire County House of Corrections and five years of probation.[1] He also received a two- to four-year state prison sentence, which was deferred for one year following his release from the House of Corrections. Thirty days prior to the expiration of the deferred period, Couch was required to show cause why the state prison sentence should not be imposed. If he failed to do so, his sentence provided that he would have to serve the deferred state prison sentence.

Couch served 12 months in the Cheshire County House of Corrections. Upon release, he executed a probation contract stating that he agreed to participate in and complete the Monadnock Family Services sex offender treatment program. Couch was subsequently denied admission to the Monadnock program. He was arrested, charged with violating his probation, and sentenced to three-and-one-half- to seven-years in the state prison.[2]

With the assistance of counsel, Couch appealed to the New Hampshire Supreme Court, alleging that the superior court's

_____

[1] Couch's sentence provided that "violation of probation . . . may result in revocation of probation . . . and imposition of any sentence within the legal limits for the underlying offense."

[2] Couch also received credit for 373 days served, which included his 12 months in the Cheshire County House of Corrections and pre-probation revocation hearing confinement.

determination that he violated probation was unsupported by the record. The supreme court affirmed the superior court's decision. Couch, acting pro se, subsequently filed a petition for a writ of habeas corpus in the Cheshire County Superior Court, alleging that the state breached his plea agreement and that his probation revocation sentence constituted a double jeopardy violation. The superior court denied Couch's petition and his motion for reconsideration, which also alleged due process violations based on the court's refusal to provide Couch with transcripts of his plea agreement.

Couch did not appeal the superior court's decision. Rather, he filed a petition for a writ of certiorari with the New Hampshire Supreme Court, seeking review of the superior court's denial of his petition and his motion for reconsideration, as well as the court's refusal to provide him with the requested transcripts. The supreme court denied Couch's petition on September 30, 1996.[3] Couch filed his petition for a writ of

---

[3] The New Hampshire Supreme Court issued an order on August 16, 1996, directing Couch to submit a memorandum explaining why the court should not deny his petition for a writ of certiorari based on Couch's failure to follow the court's procedural rules. Specifically, the court noted that "Supreme Court Rule 11(2)(g) requires that a petition for original jurisdiction set forth why the relief sought is not available in any other court or cannot be had through other processes. Review on certiorari is an extraordinary remedy, usually available only in the absence of a

-3-

habeas corpus in this court on November 1, 1996.  He subsequently sought a stay of proceedings to seek counsel and, with the assistance of counsel, filed the amended petition now before me.

## II.  DISCUSSION

Couch advances five claims in support of his petition. First, he argues that his probation violation sentence of three-and-one-half- to seven-years runs afoul of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. Second, he claims that the New Hampshire Adult Parole Board's ("Board") requirement that he complete a state prison sexual offender program ("SOP") before it will grant him parole violates the Double Jeopardy Clause.  Third, Couch claims that the SOP requirement breaches his plea agreement and violates the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.  Fourth, he claims that his probation was revoked in violation of his procedural due process rights.  Finally, he claims his probation was revoked in violation of substantive due process protections.

right to appeal . . . .  It appears that the petitioner may have had an adequate alternative remedy in that he may have had the right to appeal from the March 26 decisions of the superior court."  Couch filed the required memorandum on August 27, 1996. The court later denied his petition without further comment.

-4-

The State contends that Couch is procedurally barred from bringing his first claim[4] and that his four remaining claims are unexhausted. Because I find that Couch has failed to exhaust his state court remedies as to all counts, his petition is "mixed" and I must dismiss it in its entirety without prejudice. See 28 U.S.C. § 2254 (b)(1)(A). See also Rose v. Lundy, 455 U.S. 509, 522 (1982)("a district court must dismiss habeas petitions containing both unexhausted and exhausted claims").

A petition for habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). The exhaustion requirement ensures that a petitioner has afforded the state court a fair opportunity to address the petitioner's federal constitutional claims and correct any constitutional error prior to review by a federal court. See Picard v. Connor, 404 U.S. 270, 275 (1971); Hall v. DiPaolo, 986 F.2d 7, 10 (1st Cir. 1993).

---

[4] The State asserts that Couch is barred from bringing Count I of his complaint, as the New Hampshire Supreme Court denied his petition for a writ for certiorari on procedural grounds. Because his remaining claims are unexhausted, I need not address the issue in this order. See Rose, 455 U.S. at 522.

A "fair opportunity" means that the claim must have been presented to the state court for consideration on the merits. See Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992).

## A.    Counts II and III of Couch's Petition

Counts II and III of Couch's petition allege that the Board will not grant him parole until he completes the state prison's SOP.  This requirement, Couch claims, violates both double jeopardy and due process constitutional protections.  Couch contends that the SOP was neither a requirement of his probation revocation sentence nor his original plea agreement.  Thus, he claims, the SOP requirement constitutes multiple sentences for the same crime (Count II) and a breach of his plea agreement (Count III).

The fatal flaw in Couch's argument is that he has yet to be denied parole.  Couch was first eligible for parole on August 8, 1996.  He was scheduled to go before the Board on June 20, 1996.  The June hearing was canceled at Couch's request.  Thus, even assuming the SOP requirement does violate Couch's rights, he has not been denied parole based on his failure to complete the program.  In fact, Couch has not been denied parole at all for any reason.

Couch argues that the Board's practice of denying parole to sex offenders who fail to complete the SOP is well-established. Further, he notes that the State, in its pleadings, has indicated that the Board may not grant Couch parole until he completes the program. Thus, he argues, he should not have to "go through the parole process only to be denied" before he can challenge the Board's policy in this Court. I disagree.

Because Couch has not yet applied for and been denied parole, Counts II and III of his petition are not even ripe for judicial review, let alone exhausted. Whether a claim is ripe will depend on (1) "the fitness of the issues for judicial decision," and (2) "the hardship to the parties of withholding court consideration." See Gilday v. Dubois, 124 F.3d 277, 295 (1st Cir. 1997)(quoting Pacific Gas & Elec. Co. v. State Energy Resources Conservation and Dev. Comm'n, 461 U.S. 190, 201 (1983)). As the First Circuit Court of Appeals recently explained, a crucial consideration in the ripeness determination is whether a claim involves "uncertain and contingent events that may not occur as anticipated, or indeed may not occur at all." Id. (internal citations omitted). Here, it is likely but not certain that the Board will deny Couch parole. The Board could actually choose to grant Couch parole, should he elect to

participate in a hearing. Moreover, dismissing Counts II and III on ripeness grounds will not subject Couch to any sort of hardship. Couch will merely have to go before the Board prior to pursuing his claims.

Couch argues that, in the context of an alleged threatened double jeopardy violation, I am not required to follow traditional rules of ripeness. See Allen v. Attorney General of the State of Maine, 80 F.3d 569, 572 (1st Cir. 1996)("a petition for habeas relief that raises a colorable claim of former jeopardy need not invariably await trial and conviction in the state court"). Couch's reliance on Allen is unpersuasive. In Allen, the state suspended the petitioner's driver's license for operating under the influence. See 80 F.3d at 571. He was released on bail and faced prosecution for OUI. See id. The petitioner sought a writ of habeas corpus, alleging that the pending prosecution constituted multiple punishment for the same crime in violation of the Double Jeopardy Clause. See id. at 572. The First Circuit stated that the petitioner's claim fell within an exception to the ripeness rules because he alleged a double jeopardy violation. See id. ("federal habeas courts will in appropriate circumstances entertain a claim that permitting a nascent . . . state court prosecution to go forward would violate

-8-

the Double Jeopardy Clause")(emphasis added). It is not enough, however, to allege <u>any</u> threatened double jeopardy violation. <u>See id.</u> Here, Couch alleges that the Board will deny him parole if he chooses to participate in a parole hearing before completing the SOP. Unlike the petitioner in <u>Allen</u>, Couch is not facing the possibility of prosecution and prison if I must dismiss his claim on ripeness grounds. To the contrary, he faces the possibility -- however slim -- that the Board will grant his early release from prison. Couch's alleged threat of a double jeopardy violation simply doesn't rise to the level contemplated by the <u>Allen</u> Court. Thus, I find that Counts II and III of Couch's petition are not ripe for review and do not fit into an exception to the ripeness doctrine. Couch must first apply for and be denied parole based on his failure to complete the SOP. Then, he must bring these claims before a state court to properly exhaust his state remedies.[5]

---

[5] Couch argues that he should be excused from his failure to exhaust his state court remedies because such an act would be futile. <u>See Allen</u>, 80 F.3d at 573. In support of his argument, he cites several New Hampshire Supreme Court decisions upholding the Board's practice of denying parole to sex offenders who fail to complete the SOP. <u>See Wellington v. Commissioner</u>, 140 N.H. 399 (1995); <u>Cable v. Warden</u>, 140 N.H. 395 (1995); <u>Knowles v. Warden</u>, 140 N.H. 387 (1995). I need not decide whether Counts II and III of Couch's petition fit within the so-called "futility exception" to the exhaustion rule because, as noted above, until Couch applies for and is denied parole, these counts are not yet

**B.    Count IV Couch's Petition**

Count IV of Couch's petition alleges three procedural due process violations.  First, he claims that he was not informed that failure to gain entrance to the Monadnock sex offender program, for any reason, would result in revocation of his probation.  Second, he argues that the program should have provided him with notice and an opportunity to be heard regarding his denied admission.  Finally, he claims that the superior court abused its discretion by revoking his probation based on his failure to gain entry to the Monadnock program.  The State argues that Couch has not exhausted his state remedies as to Count IV because he never raised these claims in a state court proceeding.

Couch's state petition for a writ of habeas corpus alleges a breach of his plea bargain and a double jeopardy violation based on his probation revocation.  His motion to reconsider does raise a due process claim, but it is based on the superior court's failure to provide him with transcripts of his plea agreement.  His subsequent petition for a writ of certiorari to the state supreme court raises the alleged breach of plea bargain and double jeopardy violations, as well as the due process claim based on his denied request for transcripts.  While his state

ripe for judicial review.

petition for a writ of certiorari does invoke the Due Process Clause of the Fourteenth Amendment, nowhere does he allege the three claims present in Count IV of his amended federal petition. A petitioner cannot meet the exhaustion requirement by showing that he presented the same legal claim to a state court if the federal claim arises from a different factual context. See Carillo v. Brown, 807 F.2d 1094, 1099 (1st Cir. 1986)(habeas claim not exhausted when it is based on new factual allegations in federal court that cast the claim in a "significantly different light")(quoting Domaingue v. Butterworth, 641 F.2d 8 (1st Cir. 1981)). Here, Couch's federal claim is based on significantly different facts and allegations than those presented to the state court. Thus, he has failed to exhaust his state court remedies as to Count IV.

Couch argues that, even if Count IV is not properly exhausted, I should elect to hear his claim as bringing it before the state court would be a futile act. See Allen, 80 F.3d at 573. While I may choose to hear an unexhausted claim where the state's highest court has ruled unfavorably based on "materially identical" facts and legal issues to those present in the federal petition, I decline to do so here. Cf. id. (where there is "no plausible reason to believe" state court will rule in

petitioner's favor, federal court may relieve petitioner of exhaustion requirement). Couch points to two New Hampshire Supreme Court decisions to buttress his claim of futility. See State v. Kochvi, 140 N.H. 662, cert. denied, 117 S. Ct. 103 (1996); State v. Woveris, 138 N.H. 33 (1993). While the facts and issues in Kochvi and Woveris are similar to those presented in Couch's petition, they are not materially identical and do not warrant an exception to the exhaustion requirement. For example, Couch takes issue with the Monadnock program's refusal to admit him without providing notice and an opportunity to be heard. Specifically, Couch argues that the program is an agency of the State with delegated authority to determine Couch's liberty. As such, he argues, the program owes him procedural due process protections under the federal Constitution. There were no such claims presented to the state supreme court in either Kochvi or Woveris. Thus, it is plausible to believe that Couch's argument would persuade the New Hampshire Supreme Court to find that the State, via the Monadnock program, violated Couch's due process rights. Therefore, I decline to relieve Couch of the exhaustion requirement as to Count IV of his petition.

## C.   Count V of Couch's Petition

Count V of Couch's petition alleges that his probation revocation constitutes a violation of his substantive due process rights under the Fourteenth Amendment.  Specifically, he claims that the superior court abused its discretion in revoking his probation because (1) he made good faith efforts to gain admission to the Monadnock sex offender program and was denied through no fault of his own; and, (2) the State should have allowed him to seek entry into another sex offender program.  The State contends that Couch has not exhausted Count V in the state courts.  While Couch did make a similar argument in his appeal of his probation revocation to the supreme court, that appeal was based solely on state law.  Thus, the State argues, Couch did not fairly present his federal claims to the state court and, therefore, Count V is unexhausted.

As I have noted above, a habeas petitioner must first present both the factual and legal bases for his federal claims to the state courts in order to meet the exhaustion requirement. See Scarpa v. Dubois, 38 F.3d 1, 6 (1st Cir. 1994)(citing Picard, 404 U.S. at 276-78); Nadworny v. Fair, 872 F.2d 1093, 1096 (1st Cir. 1989).  The First Circuit has stated that, in order for a habeas petitioner to fairly present and thus exhaust his federal

claims, he must present his claim in such a way that a "reasonable jurist" would have been alerted to the federal question.  See Scarpa, 38 F.3d at 6.  Whether a reasonable jurist would be so alerted will depend upon a number of factors, including whether the petitioner (1) cited a specific provision of the Constitution; (2) presented the claim in a manner likely to alert a court to its federal nature; (3) relied on constitutional precedent; (4) claimed a particular constitutional right; and (5) presented a state law claim that is functionally equivalent to a federal claim.  See id. (citing Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987); Nadworny, 872 F.2d at 1099-100). Here, Couch's appeal to the supreme court cited no provision of the federal Constitution, nor did he rely on constitutional precedent or claim a particular constitutional right.  He relied solely on state court precedent and cases dealing with state constitutional issues. Couch's subsequent petitions for a writ of habeas corpus and for certiorari did not raise the substantive due process arguments he presented in his appeal, nor those he presents in his amended federal petition.  Thus, Couch did not alert the state courts to the federal constitutional issues he raises before me.  Cf. Scarpa, 38 F.3d at 6-8.  Therefore, I agree with the State that Couch did not properly exhaust his

-14-

state court remedies with respect to Count V of his petition.

Again, Couch argues that, even if Count V is not properly exhausted, it fits within the futility exception to the exhaustion requirement. I decline to reach the merits of Couch's claim, however, as I must dismiss the entire petition as a mixed petition containing both exhausted and unexhausted claims. See Rose, 455 U.S. at 522.

### III. CONCLUSION

For the reasons stated above, the State's motion for summary judgment (document no. 44) is granted and Couch's motion for summary judgment (document no. 46) is denied. His amended petition (document no. 41) is dismissed without prejudice to permit Couch to exhaust his state court remedies. Couch may wish to abandon his unexhausted claims so that I can rule immediately on any counts as to which he has exhausted his state remedies.[6] However, he should note that he may lose future opportunities to

---

[6] As noted above, the State argues that Couch is procedurally barred from bringing Count I. Assuming without deciding that the State is correct, I can only reach the merits of Count I if Couch, after amending his petition or exhausting his state remedies as to the remaining claims and refiling the present petition, is able to demonstrate "cause and prejudice" for the state default. See Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991).

-15-

raise his unexhausted claims if he chooses this route.  <u>See</u> 28 U.S.C. 2244 (b)(2) (West Supp. 1998); <u>see also</u> <u>McClesky v. Zant</u>, 499 U.S. 467, 483-89 (1991) (discussing successive petitions). The clerk is instructed to enter judgment in accordance with this order.

SO ORDERED.


_____
Paul Barbadoro
Chief Judge


December 7, 1998

cc:  Scott F. Johnson, Esq.
     Malinda R. Lawrence, Esq.