Voight v. NH Dept. of Corrections    CV-98-042-M    05/28/99

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**


Robert Voight

     v.                                           Civil No. 99-042-M

New Hampshire Dept. of
Corrections, et al.


## REPORT AND RECOMMENDATION


Pro se plaintiff, Robert Voight, presently incarcerated at
New Hampshire State Prison ("NHSP"), brought this action in forma
pauperis pursuant to 42 U.S.C. § 1983 for denial of his rights of
release on parole and access to the courts.  He seeks punitive
and compensatory damages against the defendants individually and
in their official capacities, as well as an injunction to bar
retaliation against him in the future.  Plaintiff's Complaint
(document no. 1) is before me for initial review pursuant to 28
U.S.C. § 1915A(a) and U.S. District Court for the District of New
Hampshire Local Rule 4.3(d)(2).  For the reasons stated below, I
recommend that plaintiff's claims be dismissed.

### BACKGROUND

Plaintiff was convicted of arson and fraud in 1995.  He was
sentenced to prison and ordered to pay restitution.  On February
9, 1998, the New Hampshire Adult Parole Board ("NHAPB") found
that plaintiff met the criteria for parole and was entitled to be
granted parole on April 29, 1998.  Plaintiff, however, was not
released in April 1998, due to the amount of restitution still

owed and the fact that he received only a small pension and had neither obtained employment nor Social Security benefits to provide the necessary income to pay his restitution obligation.

Using NHSP Inmate Request Slips, plaintiff notified defendants John Eckert, Executive Assistant of the NHAPB, Henry Risley, Commissioner of NHSP, and Michael Cunningham, NHSP Warden, that defendant Tina Guerin, a parole officer, had improperly calculated the amount of restitution[1] and, as a result, he was being erroneously incarcerated. Defendants failed to investigate his allegations, correct the restitution calculation, or release him from incarceration.

Plaintiff also notified defendant George B. Waldron, Esq., Grafton County Assistant Attorney, and defendant John Vincent, Department of Corrections' ("DOC") attorney, of these alleged violations of his civil rights. These defendants also failed to investigate his allegations or take any action to secure his release from incarceration.

Plaintiff next filed a "Motion to Determine Amount of Restitution" with his sentencing court. New Hampshire Superior Court Judge Edward Fitzgerald, III, also a defendant in this action, denied plaintiff's motion. As a result, plaintiff filed

---

[1] Authority to impose restitution comes from N.H. Rev. Stat. Ann. ("RSA") 651:63(I)(1998), which provides in relevant part: "any offender may be sentenced to make restitution in an amount determined by the court."

a habeas petition in state court.  A hearing was granted on July 10, 1998 before another New Hampshire Superior Court judge and also a defendant here, Judge Kathleen McGuire.  Judge McGuire allowed plaintiff only 10 minutes to present his case, and then denied his petition.  Plaintiff filed a second habeas petition in state court.  At a hearing held on October 10, 1998, Judge McGuire only considered the claim based upon the Superior Court's denial of his Motion to Determine Restitution.  She refused to overturn the sentencing court's decision, indicating that plaintiff was free to file a Motion for Reconsideration with the Superior Court and appeal any adverse decision received to the New Hampshire Supreme Court.  Plaintiff has since filed the recommended motion.

At some later unspecified date, the NHAPB held a hearing to ascertain why plaintiff had not been released on parole. Defendants Thomas Winn, Robert Hamel, Amy Vorenberg, and Larry Nice were present, as was plaintiff.  Defendant Eckert presented to the board the improperly calculated restitution information, as well as other erroneous information generated by Guerin in her pre-parole investigation, and the results of plaintiff's habeas petitions.  Plaintiff decided not to specifically challenge Eckert's allegations before the board, instead inquiring whether the defendants at this hearing were aware that they were

3

violating his constitutional rights.  The board members indicated that, to be released on parole, plaintiff must either obtain a job or be receiving Social Security benefits.  Since he met neither condition, plaintiff's parole was denied.  The board members failed to investigate his allegations any further or secure his release from incarceration.

Plaintiff filed this Complaint on February 3, 1999.  He asserts that the defendants' actions clearly demonstrate violations of his Constitutional rights to due process and equal protection under the Fourteenth and Fifth Amendments, as well as his right to access the courts.  He further alleges these actions clearly indicate a conspiracy and intentional malice by all defendants.

DISCUSSION

At this preliminary stage of review, I generously construe the complaint in plaintiff's favor, see Estelle v. Gamble, 429 U.S. 97, 106 (1976), and accept as true the factual allegations made therein.  See Aulson v. Blanchard, 83 F.3d 1,3 (1st Cir. 1996).  The complaint can only be dismissed for failure to state a claim if it appears beyond a doubt that no set of facts can be proven which would entitle the plaintiff to relief.  See id. For the reasons that follow, I find that plaintiff fails to state a claim for which relief may be granted.

4

I.   Threshold Issues

   A.   Injunctive Relief

Plaintiff requests the named defendants be enjoined from future retaliation against him because of his legal activities. Specifically, he seeks an injunction to prevent unwarranted transfers, strip searches, shakedowns, excessive urine testing, disciplinary actions, and loss of privileges in the future. Federal courts only have jurisdiction over present, or live cases and controversies, see U.S. Const. Art. III, § 2, which involve ripe issues. See Gilday v. Dubois, 124 F.3d 277, 295 (1st Cir. 1997) (explaining ripeness). General concerns that illegal conduct will occur in the future do not render a case ripe. See O'Shea v. Littleton, 414 U.S. 488, 497 (1974). In cases requesting injunctive relief relating to conditions of confinement, plaintiff must establish that he has sustained or is in immediate danger of sustaining some direct injury as a result of the challenged official conduct. See City of Los Angeles v. Lyons, 461 U.S. 95, 101-2 (1983); see also O'Shea, 414 U.S. at 493-94.

Plaintiff alleges no facts indicating that defendants have retaliated against him. Nowhere in his 95-page complaint does plaintiff indicate any factual basis for his belief that he is in

immediate danger of sustaining injury from retaliatory acts. Therefore, I recommend dismissal of plaintiff's claims for injunctive relief as unripe.

II. Remaining Claims

The gravamen of this civil rights action is plaintiff's challenge to the denial of parole. He contends that denying him parole has violated his due process rights. There is, however, no Constitutional or inherent right to parole. See Hewitt v. Helms, 459 U.S. 460, 467 (1983). A liberty interest protected by the due process clause may arise from the laws or regulations of a state, see id. at 466 (finding Pennsylvania regulation governing administration of state prison conferred liberty interest protected under the Fourteenth Amendment); see also Meachum v. Fano, 427 U.S. 215, 223-27 (1976) (indicating liberty interest in prison transfer may be created by state law), when such laws place substantial limitations on official discretion in the parole decision. See Olim v. Wakinekona, 461 U.S. 238, 249 (1983). When state law provides specific conditions which, if met, entitle an inmate to parole, that law can create a protected liberty interest in parole.

New Hampshire law has not created a liberty interest in parole protected by the due process clause. See Bussiere v.

6

Cunningham, 571 A.2d 908, 912 (N.H. 1990) (construing the parole statute, RSA 651-A:6, and the accompanying parole board rules, as not creating an automatic right to parole or any other liberty interest); see also Baker v. Cunningham, 513 A.2d 956, 960 (N.H. 1986)(same); see also Stone v. Hamel, No. CIV. 91-385-B, 1994 WL 260678, at *1 (D.N.H. April 8, 1994)(same); see generally Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). The NHAPB is granted broad discretion regarding the grant of parole. See Knowles v. Warden, 666 A.2d 972, 976 (N.H. 1995). This broad discretion includes the ability to place requirements, such as obtaining employment or Social Security benefits, on plaintiff prior to granting parole. See Cable v. Warden, New Hampshire State Prison, 666 A.2d 967, 969 (N.H. 1995); see also RSA 651:63(II)(Supp. 1998) (restitution may be a condition of probation or parole). Under New Hampshire law, parole is a privilege, not a right, see Knowles, 666 A.2d at 976, and plaintiff's interest in the grant of parole, while constituting a hope, does not rise to the level of a constitutionally protected right. See id. at 977.

Since plaintiff does not have a constitutionally protected liberty interest in the grant of parole, he cannot state a § 1983 claim for a due process violation based thereon. Accordingly, I recommend that his due process claim be dismissed for failing to

7

state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A(b)(1); see also LR 4.3(d)(e)(A)(1).

Ancillary to his parole claim is plaintiff's claim that he has been denied access to the courts.  He contends that the limited time allocated to him during hearings and the adverse rulings on his various motions constitute denials of his right to access the court.  Inmates are guaranteed adequate, effective, and meaningful access to the courts.  See Lewis v. Casey, 518 U.S. 343, 355 (1996) (finding protected right of inmates to present claims to court relating to conviction or conditions of confinement); see also Bounds v. Smith, 430 U.S. 817, 821 (1977). There is, however, no constitutional guarantee to a favorable outcome or to a hearing of a particular duration.  While prison authorities are required to assist inmates in the preparation and filing of meaningful legal papers, see Bounds, 430 U.S. at 821, it is clear from plaintiff's references to his attorney, his motions, and his habeas petitions that plaintiff is not being denied meaningful access to the courts.  I, therefore, also conclude that plaintiff has failed to state a claim for the denial of his right to access to the courts.

Plaintiff seeks to assert claims based on an alleged conspiracy to violate his civil rights, and on violation of his state constitutional rights.  Bald allegations of a conspiracy,

8

however, without facts demonstrating a constitutional violation, fail to state a claim under either 42 U.S.C. § 1985 or § 1986. Moreover, plaintiff has failed to state any federal claims upon which relief may be granted. I recommend that the court decline to exercise supplemental jurisdiction over his state constitutional claims. See 28 U.S.C. § 1367(c)(3).

CONCLUSION

As explained more fully above, I find that plaintiff has failed to state any claims upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1). I, therefore, recommend that the complaint be dismissed. See LR 4.3(d)(2)(A)(i). If approved, the dismissal will count as a strike against the plaintiff under 28 U.S.C. § 1915(g).

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of

9

<u>Law Committee v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992);

<u>United States v. Valecia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).


_____
James R. Muirhead
United States Magistrate Judge

Date: May 28, 1999

cc:    Robert Voight, <u>pro</u> <u>se</u>


10