

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-27-1998

# In Re: US Healthcare

Precedential or Non-Precedential:

Docket 97-5812

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation
"In Re: US Healthcare" (1998). *1998 Decisions.* Paper 253.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/253

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed October 27, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-5812

IN RE: U.S. HEALTHCARE,

     Petitioner

On Petition for a Writ of Mandamus
to the United States District Court
for the District of New Jersey
(Related to D.C. Civ. No. 97-02787)

Argued October 5, 1998

BEFORE: SLOVITER, GREENBERG, and COWEN,
Circuit Judges

(Filed: October 27, 1998)

       Carl D. Buchholz (argued)
       Angela M. Heim
       Rawle & Henderson
       Ten Lake Center Executive Park
       401 Route 73 North
       Marlton, New Jersey 08053

       Attorneys for Petitioner

Keith G. Von Glahn (argued)
Adam J. Adrignolo
Wilson, Elser, Moskowitz
Edelman & Dicker LLP
2 Gateway Center 12th floor
Newark, New Jersey 07102

 Attorneys for Respondents
 Samuel Kasoff, M.D., New York
 Medical College, Westchester
 County (improperly pled as
 Westchester County Medical
 Center), M. Valsamis, M.D.,
 Deborah L. Benzil, M.D. and
 University Pathology, P.C.,
 erroneously designated as
 Pathology Faculty Practice, P.C. at
 W.C.M.C.

William F. Sutton
Post & Schell
1800 JFK Boulevard
19th Floor
Philadelphia, PA 19103

 Attorneys for Respondents
 Paul F. Engstrom
 Fox Chase Center
 Center of the American
 Onicologic Hospital
 and Arthur S. Palchafsky, M.D.

OPINION OF THE COURT

GREENBERG, Circuit Judge.

I. INTRODUCTION

This matter is before the court on a petition for a writ of mandamus filed by U.S. Healthcare. The plaintiff in the underlying action, Donald Eric Hoyt, filed a complaint in the Superior Court of New Jersey, which he characterized

2

as an action for "medical malpractice," against U.S. Healthcare and various physicians and entities. Prior to any of the other defendants being served with a summons and complaint in accordance with New Jersey practice, U.S. Healthcare removed the matter to the district court pursuant to 28 U.S.C. S 1441(b) and (c) on the ground that Hoyt's claims against it arose under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. S 1101 et seq., so that they were within the district court's original jurisdiction. See 28 U.S.C. S 1331. The notice of removal asserted that even though Hoyt framed the case as a negligence action, it was "removable pursuant to the complete preemption exception to the well-pleaded complaint rule," citing 29 U.S.C. S 1132(a)(1)(B) and Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S.Ct. 1542 (1987). In addition, the notice of removal asserted that Hoyt's claims "relate to" an employee benefit plan under 29 U.S.C. S 1144, and thus ERISA preempts them. After U.S. Healthcare removed the action, it filed cross claims against the other defendants and a counterclaim against Hoyt advancing subrogation rights under Hoyt's employer's ERISA plan which covered Hoyt for medical benefits.

Following the removal, the case was assigned to a district judge but, in accordance with procedure in the District of New Jersey, was assigned further to a magistrate judge for pretrial proceedings. The parties, however, did not consent to the magistrate judge exercising the jurisdiction of a district judge as provided in 28 U.S.C. S 636(c). Neither Hoyt nor any other party made a motion to remand the case to the state court. Nevertheless, the magistrate judge on his own motion on October 17, 1997, remanded the case to the Superior Court of New Jersey on the ground that the district court lacked subject matter jurisdiction. See 28 U.S.C. S 1447(c). In remanding the action, the magistrate judge clearly regarded the remand order as nondispositive pursuant to 28 U.S.C. S 636(b)(1)(A), Fed. R. Civ. P. 72(a), and District of New Jersey Local Rule 72.1. As far as we can ascertain from the district court docket, the district court treated the remand as effective immediately because the court closed the case on October 17, 1997,

3

notwithstanding Local Rule 72.1(c)(1)(C) which provides that:

> The Clerk shall take no action with respect to a Magistrate Judge's order of remand or for transfer of venue until 15 days from the filing of such an order. In the event that a notice of appeal from such an order is filed within such 15-day period, the Clerk shall take no action until the appeal is decided by the Judge.1

Subsequently, without seeking relief in the district court, U.S. Healthcare filed a petition for a writ of mandamus requesting that we vacate the order of remand. The petition's thrust was that the action could not be remanded because no party had made a motion to remand within 30 days after the filing of the notice of removal as required by 28 U.S.C. S 1447(c) in the case of a defect in the removal procedure. Moreover, U.S. Healthcare claimed that the district court had subject matter jurisdiction. Upon receiving the petition we ordered the filing of answers and subsequently we ordered the parties to submit briefs.

U.S. Healthcare has filed a brief asserting that the magistrate judge "did not have the authority to remand this case to state court" and that "the district court had subject matter jurisdiction over the case at the time it was remanded through [its] counterclaim and, as such, the magistrate judge's failure to consider this fact was an abuse of discretion." Hoyt has not filed a brief in these proceedings but certain of the defendants in the underlying action have filed a brief asserting that (1) a magistrate judge does have the authority to remand a case to a state court; (2) 28 U.S.C. S 1447(d) precludes this court from

_____

1. It appears that the district court adopted Local Rule 72.1(c)(1)(C) at least in part in response to DeCastro v. Awacs, 940 F. Supp. 692 (D.N.J. 1996), which held that a magistrate judge could remand a case as a nondispositive order and that, notwithstanding 28 U.S.C. S 1447(d), a district court may hear an appeal from a remand order under 28 U.S.C. S 636(b)(1)(A), but that under Hunt v. Acromed Corp., 961 F.2d 1079 (3d Cir. 1992), once the court sends a certified copy of the remand order to the state court the district court could not review the remand decision. See also Campbell v. International Bus. Machs., 912 F. Supp. 116 (D.N.J. 1996).

4

reviewing the order of remand on the merits; and (3) 28 U.S.C. S 636(b)(1)(A) afforded U.S. Healthcare a mechanism to appeal the remand order to the district court so that U.S. Healthcare cannot obtain mandamus relief.[2]

II. DISCUSSION

Initially we consider whether we should characterize the order of remand as dispositive or nondispositive inasmuch as 28 U.S.C. SS 636(b)(1)(A) and (B) draw a sharp distinction between dispositive and nondispositive matters in determining a magistrate judge's powers.[3] 28 U.S.C. S 636(b)(1)(A) provides that a magistrate judge may "hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, . . . to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." Thus, in general, a magistrate judge, without the consent of the parties, has the power to enter orders which do not dispose of the case. The district court may reconsider any pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." A magistrate judge, without the consent of the parties, may "conduct hearings, including evidentiary hearings and . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any" of the dispositive motions we described above.

It is clear that 28 U.S.C. S 636(b)(1)(A) does not in terms preclude a magistrate judge from hearing and determining a motion to remand a case to a state court. Nevertheless, because a remand order is dispositive insofar as proceedings in the federal court are concerned, the order is the functional equivalent of an order of dismissal for purposes of that section. While we recognize that after a remand a case may go forward in the state court, still the

_____

2. Hoyt filed a letter joining in the opposition of the participating respondents to the granting of the petition.

3. Of course, we deal with a situation in which the magistrate judge cannot exercise consent jurisdiction under 28 U.S.C. S 636(c).

5

order for remand conclusively terminates the matter in the federal court against the will of the party who removed the case.

In considering this issue we point out that we must take into account "the potential for Art. III constraints in permitting a magistrate to make decisions on dispositive motions." United States v. Raddatz, 447 U.S. 667, 676, 100 S.Ct. 2406, 2412 (1980). Thus, in NLRB v. Frazier, 966 F.3d 812, 816 (3d Cir. 1992), in discussing 28 U.S.C. S 636(b)(1)(A) and (B) we indicated that the statute:

> distinguishes between regular pretrial matters, which a magistrate judge may decide, and those dispositive matters which have a preclusive effect on the parties, about which the magistrate judge may only make a recommendation to the court. Congress crafted this distinction to assure that Article III judges retain the ultimate adjudicatory power over dispositive motions.

An order of remand simply cannot be characterized as nondispositive as it preclusively determines the important point that there will not be a federal forum available to entertain a particular dispute. In our view, a magistrate judge may not, without the consent of the parties, decide this critical issue at the core of the exercise of federal judicial power.

In determining this case it is helpful to consider a situation in which a plaintiff files parallel federal and state actions seeking relief for the same alleged loss. We do not think that anyone would argue seriously that a magistrate judge, without consent of the parties, could hear and determine a motion to dismiss the federal action, predicated on an absence of subject matter jurisdiction, on the theory that the motion is nondispositive because a parallel action is pending in the state court.[4] Yet in a practical sense an order of remand predicated on a lack of subject matter jurisdiction is no less dispositive than an order of dismissal

_____

4. The situation we describe is not fanciful for experience shows that sometimes plaintiffs do initiate parallel federal and state actions. See, e.g., Mints v. Educational Testing Serv., 99 F.3d 1253, 1255 (3d Cir. 1996).

in the circumstances we describe as both orders have the exact same effect by permitting the case to proceed in the state rather than the federal court. In sum, we believe that even if it could do so, Congress never intended to vest the power in a non-Article III judge to determine the fundamental question of whether a case could proceed in a federal court.

In reaching our result we recognize that while neither the Supreme Court nor any court of appeals of which we are aware has addressed the issue before us, the district court in DeCastro v. Awacs, Inc., 940 F. Supp. 692, 695 (D.N.J. 1996) (citations omitted), surveyed district court cases and concluded that "the vast majority of the district courts, within [the District of New Jersey] and elsewhere, that have confronted this issue, have held that a motion to remand is `non-dispositive,' and therefore, can be determined by a magistrate judge by final order in accordance with 28 U.S.C. S 636(b)(1)(A)." The DeCastro court in joining that majority pointed out that remand orders "are not among those [pretrial] orders specifically enumerated in 28 U.S.C. S 636(b)(1)(A) that a magistrate judge is without the authority to issue." DeCastro, 940 F. Supp. at 695. The court also noted that Fed. R. Civ. P. 72(a) indicates that a nondispositive matter is "not dispositive of a claim or defense of a party." The DeCastro court indicated that a remand order does not dispose of a claim or defense as it merely transfers the case.

We certainly do not suggest that the district court cases DeCastro cited had no basis for their conclusion. Nevertheless we reject their conclusion because it is clear that as far as the federal courts are concerned, a remand order is dispositive of all the claims and defenses in the case as it banishes the entire case from the federal court. Moreover, a federal court is not concerned with the proceedings that follow a remand. Furthermore, as we observed above, an order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court.

Our conclusion that a remand order is dispositive for purposes of 28 U.S.C. S 636(b)(1) brings us to the two other

7

issues implicated in these proceedings: (1) whether 28 U.S.C. S 1447(d) precludes us from granting relief; and (2) whether U.S. Healthcare had an adequate remedy by a procedure other than through mandamus. See In re Chambers Dev. Co., 148 F.3d 214, 226 (3d Cir. 1998). If we answer either question affirmatively we must deny the petition.

With an exception not applicable here, 28 U.S.C. S 1447(d) provides that an "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." We observed recently that while "this bar to the reviewability of remand orders appears broad and unyielding, the courts have carved various exceptions from it and therefore will review certain remand orders." Feidt v. Owens Corning Fiberglass Corp., ___ F.3d ___, 1998 WL 525440, at *2 (3d Cir. Aug. 24, 1998). In the leading case of Thermtron Prods. Inc. v. Hermansdorfer, 423 U.S. 336, 346, 96 S.Ct. 584, 590 (1976), the Supreme Court made it clear that only "remand orders issued under [28 U.S.C. S 1447(c)] and invoking the grounds specified therein . . . are immune from review under S 1447(d)." It seems evident that if an order of a district judge remanding a case is not insulated from review unless issued for a reason set forth in section 1447(c), i.e., a defect in removal procedure or a lack of subject matter jurisdiction, then an order of a magistrate judge that could not be issued pursuant to section 1447(c) because of the magistrate judge's lack of authority to issue it, is not insulated from review by section 1447(d). In the circumstances, we see no need to discuss this point further as it is clear that section 1447(d) is not a bar to U.S. Healthcare's petition.

Finally, we conclude that U.S. Healthcare has no realistic remedy other than to seek a writ of mandamus in this court under 28 U.S.C. S 1651. See Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996). We recognize that 28 U.S.C. S 636(b)(1)(A) provides that a "judge of the [district] court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law." The inadequacy of this provision in the context here is clear in view of Local Rule 72.1(c)(1)(C) for it seems unlikely that

the district court would have granted relief on the ground that the magistrate judge did not have jurisdiction to issue an order of remand. After all, to do so it would have had to recognize, as we plainly do, that Local Rule 72.1(c)(1)(C) is invalid insofar as it deals with orders of remand. Thus, in this case it cannot be said that mandamus is being used as a substitute for appeal. In the circumstances, we conclude that we should issue the writ of mandamus.5

III. CONCLUSION

For the foregoing reasons we will order that a writ of mandamus be issued to the magistrate judge, directing him to vacate the order of October 17, 1997, remanding the case to the Superior Court of New Jersey. Of course, we express no view on whether the district court has subject matter jurisdiction in this case and thus our opinion does not preclude the district court from remanding the case if it should find that it lacks subject matter jurisdiction. The parties will bear their own costs in these proceedings.

A True Copy:
Teste:

     Clerk of the United States Court of Appeals
     for the Third Circuit

_____

5. The district court docket sheets in the underlying case show that the file was closed on October 17, 1997, but they do not indicate that the clerk of the court sent a certified copy of the order of remand to the state
court. Thus, we are not concerned with the jurisdictional rule of Hunt v. Acromed Corp., 961 F.2d 1079 (3d Cir. 1992), that once the district court sends a certified copy of the remand order to the state court it loses jurisdiction. See also Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 225 (3d Cir. 1995). Of course, we would not in any event hold that the sending a certified copy of a remand order executed by a judicial officer without power to issue the order would place the order beyond judicial review.