**Gregory F. VOGEL and Charles R. Cox, Plaintiffs,**

v.

**U.S. OFFICE PRODUCTS COMPANY, a Delaware Corporation, Navigant International, Inc., a Delaware corporation, Jonathon J. Ledecky, Thomas I. Morgan, Donald H. Platt, and Mark D. Director, Defendants.**

---

**No. 4:99 CV 57 [1].**

United States District Court,
W.D. Michigan,
Southern Division.

July 12, 1999.

Richard A. Glaser, Rock A. Wood, Dickinson Wright, PLLC, Grand Rapids, MI, for Gregory F. Vogel, Charles R. Cox, plaintiffs.

John Rounsaville, Jr., Wilmer, Cutler & Pickering, Washington, DC, for U.S. Office Products Co., David H. Platt, Mark D. Director, defendants.

Eugene A. Over, Jr., Navigant International, Inc., Englewood, CO, Wiley E. Mayne, Holland & Hart LLP, Denver, CO, for Navigant Intern., Inc., defendant.

1. Defendants have filed identical appeals in both 5:99–CV–29 and 4:99–CV–57. An identical Opinion will issue in 5:99–CV–29. The Orders, however, will be distinct.

John C. Keeney, Jr., Hogan & Hartson, Washington, DC, for Jonathon J. Ledecky, defendant.

Matthew Wilkins, Butzel Long, Detroit, MI, John Rounsaville, Jr., Wilmer, Cutler & Pickering, Washington, DC, for Thomas I. Morgan, defendant.

## OPINION

ENSLEN, Chief Judge.

The facts of these matters are unfortunate. A detailed background may be found in Magistrate Judge Rowland's April 19, 1999 Opinion in 5:99–CV–29 ("Op.I"), and May 24, 1999 Opinion in 4:99–CV–57 ("Op.II"). Briefly, on March 22, 1999, Plaintiffs moved for remand. By March 29, 1999, all Defendants but Thomas Morgan appeared to have timely removed this action from state court or joined in the removal of others. In fact, Morgan had filed a notice of removal on March 29, 1999, contemporaneously with Defendant Ledecky, but due to an error of the Court's Clerk, this notice was never docketed or placed in the Court's file. Unaware of Morgan's notice, the Magistrate Judge issued an Order of remand premised, in pertinent part, on Morgan's failure to timely remove or consent to removal. The Clerk's office immediately certified the record back to state court. Defendant Morgan then re-filed his notice, on April 27, 1998. The new notice contained copies of consents to removal by all Defendants in 5:99–CV–29. Since 5:99–CV–29 already had been remanded, Morgan's second notice of removal began a new case, 4:99–CV–57. Plaintiffs then filed a second motion to remand. The Magistrate Judge determined that even though his remand order in 5:99–CV–29 had been in error, it was unreviewable. He then concluded that the second notice of removal, in 4:99–CV–57, was untimely. He again ordered remand, but also ordered the Clerk to refrain from certifying the remand until objections, if any, were received and ruled on by this Court. Defendants now appeal from the remand orders in both cases.

**Reviewability of Case No. 5:99–CV–29**

As noted above, the Magistrate Judge remanded 5:99–CV–29 to state court on April 19, 1999. The Court notes that to the extent that the present appeal is from 5:99–CV–29, it is untimely. See Fed. R.Civ.P. 72; W.D. Mich. LCivR 72.3 (providing ten-day periods in which to appeal from or object to magistrate orders or recommendations). Moreover, an order of remand is unreviewable. See infra at 7. However, because the appeal questions the Magistrate Judge's power to remand, and since a lack of such power could render his Order void *ab initio*, the Court will address the question presented by Defendants.

The fundamental question the Court must address is whether a motion for remand is a dispositive motion, subject to the provisions of Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(B), or a nondispositive motion governed by the provisions of Fed. R.Civ.P. 72(a) and 28 U.S.C. § 636(b)(1)(A). If dispositive, the Magistrate Judge was not empowered to order remand, but could only recommend remand, subject to objections and a subsequent order of the Court accepting or rejecting the recommendation.

The federal magistrate statute, 28 U.S.C. § 636, provides that magistrate judges may issue only proposed findings and recommended dispositions regarding motions "for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(B) & (A). These are the sort of motions described in the Federal Rules of Civil Procedure as "dispositive." The Sixth Circuit has determined that this list is not exhaustive of those matters which may be described as dispositive, that is, on

which a Magistrate Judge may only recommend disposition. *Callier v. Gray*, 167 F.3d 977, 981 (6th Cir.1999). Instead, "motions that are similar to those listed" should be considered dispositive as well. *Id.* The Federal Rules of Civil Procedure have also acknowledged the non-exhaustive nature of the § 636(b)(1)(A) list, and has defined the class of matters subject to recommended dispositions as those "dispositive of a claim or defense of a party." Fed.R.Civ.P. 72(b). After a Magistrate Judge makes a recommendation on a dispositive motion, a party may object within ten days after service. 28 U.S.C. § 636(b)(1). A District Court judge must review *de novo* those portions of the recommendation to which objections are made. *Id.* The recommendation does not have the force of an order of the court. Instead, the District Court must issue an order accepting, rejecting or modifying the recommendation. *Id.*

■ A matter which is not dispositive may be "hear[d] and determine[d]" by a magistrate judge. 28 U.S.C. § 636(b)(1)(A). The magistrate judge's determination may be reconsidered by a district court judge, however, if it is shown to be "clearly erroneous or contrary to law." *Id.* Appeals from a magistrate judge's determination must be made within ten days. Fed.R.Civ.P. 72(a).[2]

The Magistrate Judge concluded that "[b]ecause a remand does not affect a party's claims or defenses, but only the forum in which they may be presented, a motion to remand is necessarily non-dispositive." (Op. II at 5.) This analysis is based on the language of Fed.R.Civ.P. 72(a), which, again, describes nondispositive matters as those "not dispositive of a claim or defense of a party." The Magistrate Judge adopted this conclusion aware that it was controversial. He noted that "ample authority exists to support" either a conclu-

sion that remand is dispositive, or a conclusion that it is nondispositive. (Op. II at 5. *See also* Defendant's Objections at 9, Plaintiff's Opposition at 5–7.)

In their papers, Defendants rely principally on two cases to support their contention that a motion to remand is a dispositive motion. They are this Court's decision in *United States Fidelity & Guar. Co. v. Thomas Solvent Co.*, 132 F.R.D. 660 (W.D.Mich.1990) (Enslen, J.), *aff'd*, 955 F.2d 1085 (6th Cir.1992) (*"USF & G "*), and *In re U.S. Healthcare*, 159 F.3d 142 (3rd Cir.1998). The Court concludes that the first is distinguishable, and the second is unpersuasive.

*USF & G* addressed whether a motion for realignment of parties was dispositive in nature. This Court determined that if the motion for realignment were granted, "the court would no longer have subject matter jurisdiction because diversity of citizenship would be lost." 132 F.R.D. at 665. The result of the motion, which was accompanied by a motion to dismiss, would be involuntary dismissal without prejudice, though "the parties [would be] free to file a new claim in state court." *Id.* This Court determined that since the result of the motion for realignment would be involuntary dismissal, it would dispose of the federal suit. The motion, therefore, was by its very nature dispositive. Without extensive discussion, the Sixth Circuit affirmed this conclusion. 955 F.2d at 1088.

It is reading too much into this Court's and the Sixth Circuit's decisions in *USF & G* to contend that they naturally lead to a conclusion that motions to remand are also dispositive in nature. A motion which would result in dismissal is, in crucial ways, different from a motion to remand. While it is true that in either instance a suit may end up in the same place—a state trial court—different features accompany dismissals and remands. When a case is

---

**2.** In the language of the Local Rules of Civil Practice and Procedure for the Western District of Michigan, one "appeals" from a magistrate judge's order, and "objects" to a rec-

ommendation. Fed.R.Civ.P. 72 refers to "objections" in either instance. The Court will adhere to the taxonomy contained in the local rules.

dismissed, it is over. An affirmative act by the plaintiff, refiling, is required to resuscitate it. A remanded case is not over. Instead, it returns seamlessly to the state court from which it was removed.

This is not simply a technical distinction, exalting form over substance. There may be effects which attend refiling that would not occur in remand. For instance, to refile a dismissed case in state court a new filing fee must be paid. If a change in law occurred during the pendency of the dismissed federal case, that new law might apply to a newly filed case. As well, limitations periods may be affected by the time between dismissal in federal court, and refiling in state court. Because of the distinctions between a dismissal without prejudice and remand, the *USF & G* holding that a motion for realignment of parties is dispositive in nature does not direct a conclusion that a motion to remand is also dispositive.

More pertinent is the Third Circuit's decision in *In re U.S. Healthcare*, 159 F.3d 142 (3rd Cir.1998). There, addressing the precise issue of whether or not motions to remand are dispositive in nature, the Third Circuit determined that they are. The panel stated that "as far as the federal courts are concerned, a remand order is dispositive of all the claims and defenses in the case as it banishes the entire case from the federal court." *Id.* at 146. Despite this strong language, the court does not explain how a motion to remand is similar to the motions listed in § 636(b)(1)(A), or how "claims or defenses" are affected by such a motion. It simply assumes that a motion which may result in a change in forum is of such moment that it must be considered dispositive.

This Court concludes that a motion to remand is dissimilar to the motions listed in § 636(b)(1)(A). First, for the reasons contained in the above discussion of *USF & G*, a motion to remand differs from motions for: (1) judgment on the pleadings; (2) summary judgment; (3) to dismiss or quash an indictment or information

made by the defendant; (4) to dismiss for failure to state a claim upon which relief can be granted; and (5) to involuntarily dismiss an action. Each of these outcomes terminates a case, a remand does not.

The other three types of motion listed in § 636(b)(1)(A) are of a different character, but are also dissimilar to a motion to remand. A motion for injunctive relief requires an interim determination of the merits of a claim, and may result in the imposition of a remedy. A motion to suppress evidence in a criminal case may easily result in the termination of the matter through the exclusion of evidence necessary to a prosecution. Finally, a motion to dismiss or to permit maintenance of a class action alters the makeup of a case by adding parties who will be bound by any judgment in the matter. A motion for remand results in none of these outcomes.

Moreover, a motion for remand does not address the substance of a party's claims or defenses. After remand, the posture of a case is exactly the same in state court as it was in federal court. The counts in the complaint remain unchanged. The answer's contents remain the same. A magistrate judge's remand order effects no determination of the merits of the case. While the Third Circuit is, of course, correct that remand forecloses the maintenance of the action in a federal forum, this Court does not believe that use of a particular forum should be identified as a claim or defense of either party. *See* 12 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 3068.2 (2nd ed.1997) ("the desire of a party to proceed in federal court cannot reasonably be considered a claim, and therefore rulings on motions for remand removed cases should not be considered dispositive, although the courts have divided on the question."). The term "claims or defenses" as used in Fed.R.Civ.P. 72, appears to refer to matters of substantive law. Forum choice should not work as a

substantive sword or shield.[3] The Court is therefore unconvinced by the Third Circuit's holding that a motion to remand resolves claims or defenses and is thus dispositive in nature.

Because a motion for remand is nondispositive in nature, it is subject to magistrate determination. While a ten-day appeal period applies to such determinations, the Clerk of this Court did not delay certifying this matter back to the state court; it was remanded immediately. Such an order issued by a magistrate judge may constitute the Court's order. *See, e.g., In re Lowe,* 102 F.3d 731 (4th Cir.1996) (treating magistrate judge's remand order as order of court). "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). As noted by the Sixth Circuit, subject to few exceptions, § 1447(d) has been "universally construed in other circuits to preclude ... review of a district court's order remanding a case, because a remand to state court divests a district court of jurisdiction such that it may not take any further action on the case." *Brierly v. Alusuisse Flexible Packaging, Inc.,* 170 F.3d 583, 587 (6th Cir.1999). Accordingly, this Court concludes that the Magistrate Judge's April 19, 1999 Order and subsequent certification to state court by the Clerk, are the final acts of the Court regarding 5:99–CV–29, and that this Court may not now review that matter. Insofar as Defendants appeal from the Magistrate Judge's April 19, 1999 Order in 5:99–CV–29, the appeal will be dismissed.

**Defendants ability to maintain Case No. 4:99–CV–57**

 After the Magistrate Judge remanded 5:99–CV–29, on April 19, 1999, Defendant Morgan filed a second notice of removal on April 27, 1999, which was assigned case number 4:99–CV–57. All defendants consented to or joined in removal the following day, though the second notice of removal contains material documenting unanimous consent. The Magistrate Judge determined, and this Court concurs, that since "the Court has never properly considered the merits of Morgan's notice of removal ... its prior remand order notwithstanding, the Court has the authority to examine the merits of Morgan's present notice of removal." (Op. II at 8.) *See Brierly,* 170 F.3d at 588 (holding a notice of removal was "not the functional equivalent of a motion to review or reconsider, but an original petition by a party with standing to remove after an initial remand."). The Magistrate Judge then concluded that the second notice of removal was untimely, as it was filed 46 days after Morgan was personally served. In ruling on this appeal of a non-dispositive motion, the Court may reverse only if the Magistrate Judge's decision was "clearly erroneous or contrary to law." § 636(b)(1)(A).

In finding the second removal notice untimely, the Magistrate Judge wrote that equitable tolling was unavailable to save the second notice of removal in the face of a motion by Plaintiffs to remand. In his Opinion, the Magistrate Judge cited a number of cases standing for the proposition that the time requirements of 28 U.S.C. § 1446 are mandatory, and that "untimeliness is a ground for remand so long as the timeliness defect has not been waived." *Seaton v. Jabe,* 992 F.2d 79, 81 (6th Cir.1993). *See also* Op. II at 11. From this principle, he concluded that because Plaintiffs had "properly challenged the procedural defect" in the second notice of removal, "the matter must be remanded." This Court believes that although untimeliness is certainly a ground for remand, it does not mandate remand. Moreover, a party's motion for remand does not divest a court of any ability to toll. To the extent the Magistrate Judge held that he

---

**3.** Indeed, the *Erie* doctrine mandates that the same substantive law should apply regardless of forum in a diversity case.

simply could not equitably toll the removal period, the Court concludes that his decision was contrary to law.

■ The Court first concludes that the § 1446 period must be measured from March 12, 1999, the date on which Morgan was personally served, rather than February 16, 1999, when a secretary received a summons and complaint by certified mail. No showing has been made that the February service was legally sufficient, or resulted in actual notice to Morgan. Therefore, Morgan's March 29, 1999, notice of removal in 5:99–CV–29 would have been considered timely had it been docketed properly and made a part of the Court's record.

■ Removal is a statutory right which should be strictly construed against removal, and in favor of state court jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). *See also Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3rd Cir.1990) ("all doubts [regarding removal] should be resolved in favor of remand."). The time limit provided in the removal statute is not jurisdictional, however. *See Powers v. Chesapeake & Ohio Ry. Co.,* 169 U.S. 92, 98, 18 S.Ct. 264, 42 L.Ed. 673 (1898). It is, instead, a formal requirement which may be subject to waiver or estoppel. *Id.* Plaintiffs have neither waived their right to seek remand, nor engaged in behavior which might estop them from pursuit of remand. The Court believes, however, that waiver and estoppel are not the exclusive means by which a defendant may be excused from the statute's time limit.

■ A number of courts have referred to a more or less undefined concept of "exceptional circumstances" as providing potential excuse from the time limits of the statute. *See Brown v. Demco, Inc.,* 792 F.2d 478, 482 (5th Cir.1986);[4] *Doe v. Kerwood, D.O.,* 969 F.2d 165, 169 (5th Cir. 1992) ("it is within the equitable power of the court to consider such exceptional circumstances on a case-by-case basis."). As well, courts have excused short delays beyond the statutory period, noting that, under the circumstances presented, ordering remand "would elevate form over substance and work an injustice upon the defendants." *Hernandez v. Six Flags Magic Mountain, Inc.,* 688 F.Supp. 560, 563 (C.D.Cal.1988) (one-day delay); *Glover v. W.R. Grace & Co.,* 773 F.Supp. 964, 965 (E.D.Tex.1991) (four-day delay). *See also Michaels v. New Jersey,* 955 F.Supp. 315, 322 (D.N.J.1996) (finding exceptional circumstances and permitting untimely joinder in removal). Significantly, in each of the district court cases noted above, the removal period was tolled despite the filing of a motion to remand. The Court therefore determines that a showing of exceptional circumstances may result in some degree of excuse from the time limits contained in § 1446.

While there are many ways to describe the events leading to this appeal, "exceptional" seems particularly accurate. Defendant Morgan filed a timely notice of removal which simply disappeared.[5] Since it was not made part of the Court's record, the Magistrate Judge remanded the matter without considering the notice. The Defendant did nothing to warrant remand. Instead, he followed the requisite statutory procedures to avail himself of a federal

---

4. Plaintiff states that the Sixth Circuit, in *Brierly v. Alusuisse Flexible Packaging, Inc.,* 170 F.3d 583, 588–89 (6th Cir.1999), "expressly rejected" *Brown.* (Pl. Opp. at 22, n. 15). *Brierly,* in fact, rejected *Brown* 's resolution of a different issue, and had no cause to address the question whether "exceptional circumstances" might excuse untimeliness.

5. Plaintiffs argue that an insufficient showing has been made of Morgan's filing his notice on March 29. The time-stamped copy from the Clerk's office in Grand Rapids indicates, however, that an employee of the office received and stamped the notice. At that point, the stamped original should have been kept and docketed by the Court's Clerk. Any error in "filing," therefore, must have been at least partially attributable to this Court.

forum. In light of the fact that his notice of removal would have been timely but for an error of the Clerk of the Court, the Court concludes that exceptional circumstances warrant tolling the time period provided in § 1446, and reversing the Magistrate's Order of remand in 4:99–CV–57. Therefore, the matter will not be remanded.[6]

### ORDER

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that Defendant's "Objections to or, in the Alternative, Appeal from Magistrate Judge's Decisions on Remand" (dkt.# 16) are **GRANTED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's Order remanding this matter to the Kent County Circuit Court is **REVERSED,** and the matter shall not be remanded.

---

**6.** Despite the joinder in removal by the remaining defendants the day after the second notice of removal was filed, all timely joined in 5:99–CV–29, and expressed consent in the papers constituting Morgan's notice of removal in 4:99–CV–57.