RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2001 FED App. 0238P (6th Cir.)
File Name:  01a0238p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

GREGORY VOGEL and
CHARLES COX,
       *Plaintiffs-Appellees,*

       *v.*

U.S. OFFICE PRODUCTS
COMPANY; NAVIGANT
INTERNATIONAL, INC.;
JONATHAN LEDECKY;
THOMAS MORGAN; DONALD
PLATT; and MARK DIRECTOR,
       *Defendants-Appellants.*

No. 99-1922

Appeal from the United States District Court
for the Western District of Michigan at Lansing.
No. 99-00029—Richard A. Enslen, District Judge.

Submitted:  March 8, 2001

Decided and Filed:  July 25, 2001

Before:  SILER, MOORE, and CLAY, Circuit Judges.

1

––––––––––––––––––

**COUNSEL**

––––––––––––––––––

**ON BRIEF:**  David P. Donovan, WILMER, CUTLER & PICKERING, Washington, D.C., Wiley E. Mayne, HOLLAND & HART, Denver, Colorado, John C. Keeney, Jr., Kelleen McGinnis Scott, Daniel D. Barnhizer, HOGAN & HARTSON, Washington, D.C., for Appellants.  Rock A. Wood, DICKINSON & WRIGHT, Grand Rapids, Michigan, for Appellees.

––––––––––––––––––

**OPINION**

––––––––––––––––––

SILER, Circuit Judge.  Defendants, U.S. Office Products ("USOP")*,* Navigant International, Inc. ("Navigant")*,* Jonathan Ledecky, Thomas Morgan, Donald Platt, and Mark Director, seek review of a magistrate judge's order remanding a suit filed against them by plaintiffs, Gregory Vogel and Charles Cox, to state court.  They contend that remand motions are dispositive motions and, as such, can only be granted by a district court. The district court held that remand motions can be issued by magistrate judges because they are nondispositive and, therefore, that it was precluded from reviewing the magistrate judge's remand order.  We reverse and remand.

### I.    Background

In January 1999, Vogel and Cox filed suit against USOP, a supplier of office products; Navigant, a corporation formed by USOP; and Ledecky, Morgan, Platt, and Director, executive officers of USOP, in Michigan state court.  Plaintiffs were stockholders in two businesses that were sold to USOP and, as a result of those sales, filed suit against defendants alleging fraud, misrepresentation, civil conspiracy, and violation of the Michigan Uniform Securities Act.  Suits comprised of

### c. Other issues

Defendants present two alternative arguments to support their contention that the district court erred by not reviewing the April 1999 remand order. These arguments concern whether the April 1999 remand order was issued sua sponte and, if we were to hold that a remand order is nondispositive, whether defendants were deprived of their right to appeal the remand order to the district court for "clearly erroneous" review. Because we hold that a remand order is dispositive and, accordingly, that the district court erred by not reviewing the April 1999 remand order in CV-29, we need not consider these arguments.

We **REVERSE** and **REMAND** this case to the district court with instructions that it conduct de novo review of the remand order in CV-29.

identical claims were brought by other individuals against the defendants in several other states ("other suits"). The other suits have since been removed to federal court, consolidated by the Judicial Panel on Multidistrict Litigation, and transferred to the U.S. District Court for the District of Columbia for pretrial proceedings.

Individual defendants were served with copies of the complaint at different times and, pursuant to 28 U.S.C. §§ 1441 and 1446, defendants filed several different notices to remove the case from state to federal court on the ground that original federal court jurisdiction existed under 28 U.S.C. § 1332. USOP and Navigant were served with copies of the complaint on February 16, 1999, while Ledecky, Morgan, Platt, and Director were served between March 5, 1999 and March 12, 1999.

On February 18, 1999, USOP filed a notice to remove the case from a Michigan state court to the United States District Court for the Western District of Michigan. USOP's removal notice stated that Navigant joined in its removal. On March 22, 1999, plaintiffs filed a motion to remand the case to state court because USOP did not effect a proper removal -- Navigant did not sign USOP's removal notice. On March 29, 1999, Ledecky and Morgan filed separate removal notices, which were joined by all other defendants. Morgan did not join in Ledecky's notice. Clerical error in the district court clerk's office prevented Morgan's removal notice from being docketed or placed in the appropriate case file.

The district court assigned the case to Magistrate Judge Doyle Rowland. On April 19, 1999, he issued an opinion and order pursuant to the plaintiffs' motion for order of remand. Because Morgan's timely removal notice was not properly docketed, the magistrate judge was unaware of that notice and remanded the case to a Michigan state court on the ground that Morgan had not joined all other defendants in removing the case to federal court. He correctly observed that, pursuant to 28 U.S.C. § 1446(a), all defendants must timely remove in

order for removal to be valid in a multi-defendant action ("unanimity"). The magistrate judge's order did not inform defendants of their right to file objections to his remand with the district court. Just two days after the magistrate judge issued his remand order, the district court clerk sent a certified copy of that order to a Michigan state court.

Believing that they had met the unanimity requirement for removal despite the magistrate judge's order, defendants notified him that Morgan had timely filed a notice of removal. They presented him with a copy of the original removal notice filed by Morgan on March 29, 1999. The copy was time-stamped by the clerk's office, indicating that it had indeed been submitted to the court clerk on March 29, 1999. There is no dispute that Morgan filed that removal notice.

Defendants also took steps to effect a second removal. On April 28, 1999, Morgan filed a second notice of removal, in which he asked the district court to equitably toll the thirty-day time limit for removal because the court's clerical error prevented prior removal. The second notice of removal was joined by all other defendants and was filed under the same docket number, 5:99-CV-29 ("CV-29"), as the case disposed of by the magistrate judge in his April 19, 1999 remand order. On May 10, 1999, plaintiffs filed a second motion to remand.

The district court assigned a new docket number, 4:99-CV-57 ("CV- 57"), to defendants' second removal notice and the case was again assigned to Magistrate Judge Rowland. In a May 24, 1999 opinion captioned for case CV-57, the magistrate judge nonetheless considered the merits of his original April 1999 remand order in case CV-29. In that opinion, he acknowledged that Morgan had timely filed a removal notice on March 29, 1999 and stated that, because that notice was never docketed or placed into the proper court file, he was unaware of that notice when he originally remanded the case. The opinion contained two relevant sections of analysis. The first section stated that, although his first opinion and order were incorrect, he could not review

certified copy of the order was mailed to a state court); *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 225 (3d Cir. 1995) (holding that the mailing of a certified copy of a remand order to a state court divests federal jurisdiction); *Seedman v. United States Dist. Court*, 837 F.2d 413, 414 (9th Cir. 1988) (holding that certification of a remand order divests federal court jurisdiction). "[A]fter certification to the state court[,] a federal court cannot vacate a remand order issued under section 1447(c)," even where that order was "premised on a clerical error." *Seedman*, 837 F.2d at 414.

But a magistrate-issued remand order is not a § 1477(c) remand order. As *Seedman* suggests, certification of only a § 1477(c) remand order to a state court divests a federal court of jurisdiction. *See id.* Discussing the possibility of an unauthorized remand order divesting the federal court of jurisdiction, the Third Circuit stated: "Of course, we would not in any event hold that the sending [of] a certified copy of a remand order executed by a judicial officer without power to issue the order would place the order beyond judicial review." *U.S. Healthcare*, 159 F.3d at 147 n.5.

We agree. If the act of certification itself erases federal jurisdiction, individuals with even less authority to issue remand orders than magistrate judges could unilaterally divest a federal court of jurisdiction. For example, a federal court clerk could author his or her own remand orders and certify them to state courts, thereby precluding federal judicial review. Preclusion would be ludicrous in such cases. Therefore, certification of a remand order that is issued by an unauthorized individual, such as a magistrate judge, does not divest a federal court of jurisdiction over an action. The district court clerk's certification of the remand order to a Michigan state court divested neither the district court's nor this court's jurisdiction over CV-29.

To determine whether a district court is precluded from reviewing a magistrate-issued remand order, we must first determine whether that order constitutes a §1447(c) remand order. We agree with the Third Circuit's determination that a magistrate-issued remand order is not a § 1447(c) remand order:

> [i]t seems evident that if an order of a district judge remanding a case is not insulated from review unless issued for a reason set forth in section 1447(c), i.e., a defect in removal procedure or a lack of subject matter jurisdiction, then an order of a magistrate judge that could not be issued pursuant to section 1447(c) because of the magistrate judge's lack of authority to issue it is not insulated from review by section 1447(d).

*U.S. Healthcare*, 159 F.3d at 146. The April 1999 remand order in CV-29 was not a § 1447(c) remand because the magistrate judge was not authorized to issue that dispositive order. Because § 1447(d) precludes review of only § 1477(c) remand orders, the district court was not precluded from reviewing the remand order in CV-29. And as the district court's order in CV-29 was not itself a § 1477(c) remand order, § 1447(d) does not preclude this court from reviewing the district court's legal determination that it had no authority to review the remand order.

### ii) Certification

Plaintiffs also contend that federal court jurisdiction in this case was divested when the district court clerk sent a certified copy of the April 1999 remand order to the Michigan state court. In dicta, we have recognized that such certification generally divests federal courts of jurisdiction. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 531 (6th Cir. 1999). Several other circuits have explicitly adopted this divestment principle. *See, e.g., In re Lowe*, 102 F.3d 731, 732, 735 (4th Cir. 1996) (holding that mere entry of a remand order divests a federal court of jurisdiction, even where no

them because a) a final remand order is a nondispositive order that a magistrate judge has the authority to enter and b) final remand orders are not reviewable under 28 U.S.C. § 1447(d). The second section stated that Morgan's second removal notice was untimely and denied equitable tolling.

Then, the magistrate judge granted plaintiffs' second motion for remand and ordered the district court clerk to "withhold certification and mailing of this decision to the state court" for *three days* to allow the parties to appeal his decision. In a May 27, 1999 document captioned with the docket numbers from both the first and second removal actions, CV-29 and CV-57, defendants filed "Objections to or, in the Alternative, Appeal from Magistrate Judge's Decisions on Remand" with the district court.

In response to the defendants' objections/appeal, the district court issued one opinion and two orders. *See Vogel v. U.S. Office Prod. Co.*, 56 F. Supp.2d 859 (W.D. Mich. 1999). It acknowledged that Morgan filed a timely notice of removal on March 29, 1999 and that, but for "an error of the Court's Clerk," the case would have been properly removed. *Id.* at 861. The opinion evaluated the a) reviewability of the magistrate judge's original April 1999 remand order (CV-29) and b) defendants' ability to remove the case a second time (CV-57). It held that it could not review the magistrate judge's remand in case CV-29 because a magistrate judge possesses the authority to issue a final remand order. *Id.* at 863-64. Title 28 U.S.C. § 1447(d) precludes review of a final remand order, and certification of a remand order to a state court divests a federal court of jurisdiction. *See id.* at 864. The district court entered an order dismissing the defendants' "Objections to or, in the Alternative, Appeal from the Magistrate Judge's Decisions on Remand" in case CV-29.

In regard to defendants' second removal attempt, case CV-57, the district court held that defendants were entitled to equitable tolling of the thirty-day time limit for removal and, thus, recognized their second removal notice. In August

1999, it granted plaintiffs' request to certify an interlocutory appeal of its decision to toll the time limit for removal. After the district court certified the interlocutory appeal, the Judicial Panel on Multidistrict Litigation ordered that case number CV-57 be transferred to the U.S. District Court for the District of Columbia for consolidation of pretrial proceedings. Case CV-29 was never transferred.

Plaintiffs unsuccessfully petitioned this court for leave to file an interlocutory appeal in CV-57. Denying plaintiffs' petition, we stated that Sixth Circuit jurisdiction over any appeal in CV-57 was doubtful because that case had already been transferred to the U.S. District Court for the District of Columbia. *See In re Vogel & Cox*, No. 99-0113 (6th Cir. September 24, 1999) (order denying leave to appeal an interlocutory order issued by the district court). But assuming that we did have jurisdiction, we declined to grant leave to appeal because an immediate appeal was not likely to advance the ultimate termination of litigation. *See id*.

After it received case CV-57, the U.S. District Court for the District of Columbia recertified plaintiffs' petition for interlocutory appeal to the D.C. Circuit. In October 2000, the D.C. Circuit denied the petition for interlocutory appeal because the appeal in this case, CV-29, was still pending before this court. *See Vogel v. U.S. Office Products Co., et al.*, No. 00-7038, 2000 WL 1683498 (D.C. Cir. Oct. 26, 2000).

## II. Bankruptcy Filing

On March 5, 2001, USOP filed a voluntary bankruptcy petition in the United States Bankruptcy Court for the District of Delaware. The filing of a voluntary bankruptcy petition operates as a stay on the "continuation... of a judicial proceeding against the debtor." *See* 11 U.S.C. § 362(a)(1). Therefore, this appeal is stayed as to USOP, but not as to any other defendant, pending action by the bankruptcy court that lifts the automatic stay or concludes the bankruptcy case. *See*

except that an order remanding a case to the State court from which it was removed pursuant to section 1443 [Civil Rights actions] of this title shall be reviewable by appeal or otherwise.

But the Supreme Court has consistently held that § 1447(d)'s reach is limited by 28 U.S.C. § 1447(c):

As we explained in *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336... (1976), § 1447(d) must be read in pari materia with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d). *Id.*, at 345-46.... As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction– the grounds for remand recognized by § 1447(c)– a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d).

*Things Remembered v. Petrarca*, 516 U.S. 124, 127-28 (1995). Section 1447(c) reads:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The state court may thereupon proceed with such case.

A court is "without jurisdiction to review a remand order grounded in Section 1447(c) even if based on erroneous principles or analysis." *Van Meter v. State Farm Fire & Cas. Co.*, 1 F.3d 445, 448 (6th Cir. 1993) (citation omitted).

remand order. Plaintiffs argue that i) 28 U.S.C. § 1447(d) precludes judicial review of magistrate-issued remand orders and ii) certification of a remand order to a state court divests federal courts of jurisdiction. But, as a dispositive order, a magistrate-issued remand order has no effect until it is "accepted" by a district court. *See* 28 U.S.C. § 636(b)(1)(C). Neither § 1447(d) nor certification precluded the district court from reviewing the remand order, and we have jurisdiction to review the district court's legal conclusions.

### i) 28 U.S.C. § 1447(d)

Plaintiffs contend that it does not matter whether a remand order is dispositive or nondispositive because, pursuant to 28 U.S.C. § 1447(d), the district court is precluded from reviewing magistrate-issued remand orders. To support their position, they cite *Unauthorized Practice of Law Comm. v. Gordon*, 979 F.2d 11 (1st Cir. 1992), a case which is distinguishable from this one. In *Gordon*, a magistrate judge's remand order was finalized by the district court. The district court entered its own order stating that the remand order entered by the magistrate judge "has become final since no appeal has been timely filed and the time for appealing has expired." *Id.* at 12. The power of a magistrate judge to issue a final remand order was not an issue in *Gordon*. But in our case the power of a magistrate judge to issue a final order without district court review is at issue. The April 1999 remand order was never reviewed let alone accepted by the district court. We have held that a magistrate judge does not have the power to enter a dispositive remand order and must now consider whether an unauthorized remand order is reviewable pursuant to § 1447(d). We find that an unauthorized remand order is reviewable.

Plaintiffs are correct that certain remand orders are not reviewable pursuant to § 1447(d), which states:

An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise,

*id.*; *In re Arbitration Between Barbier & Shearson Lehman Hutton Inc.*, 943 F.2d 249, 250 (2d Cir.1991) (staying appeal because appellant filed bankruptcy petition). USOP should notify this court when the bankruptcy stay is lifted or the bankruptcy case has concluded.

### III. Discussion

Defendants appeal the district court decision that it could not review the magistrate judge's April 1999 remand order in case CV-29. To decide their appeal, this court must resolve a) whether a remand motion is a dispositive or nondispositive motion and b) given our conclusion that a remand motion is dispositive, whether district courts have jurisdiction to review magistrate-issued remand orders and whether we have jurisdiction to consider this appeal. Because the issues presented involve questions of law, our review is de novo. *See, e.g.*, *Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 712 (6th Cir. 1999).

### a. Nondispositive v. Dispositive Motions

As an initial matter, we must decide whether a remand motion is nondispositive and governed by 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), or dispositive and governed by 28 U.S.C. § 636 (b)(1)(B) and Fed. R. Civ. P. 72(b). Whether a remand motion is nondispositive or dispositive is an issue of first instance in this court. In relevant part, 28 U.S.C. 636(b)(1) reads:

(A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this

subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

(B)  a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

(C)  the magistrate shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

Pretrial matters that a magistrate judge is precluded from "determining" pursuant to § 636(b)(1)(A) are called "dispositive" because they are "dispositive of a claim or defense of a party." Fed. R. Civ. P. 72. In determining whether a particular motion is dispositive, this court undertakes functional analysis of the motion's potential effect on litigation. The list of dispositive motions contained in § 636(b)(1)(A) is nonexhaustive, and unlisted motions that are functionally equivalent to those listed in § 636(b)(1)(A) are also dispositive. *See Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999) (holding that a motion for default judgment is

We agree with the Third and Tenth Circuits that remand motions are dispositive and, as such, can only be entered by district courts.  While a magistrate judge is not explicitly precluded in § 636(b)(1)(A) from hearing and determining a motion to remand a case to state court, this court does not limit dispositive orders to those enumerated in § 636(b)(1)(A).  Instead, we apply a functional equivalency test to see if a particular motion has the same practical effect as a recognized dispositive motions.  Applying that test, and adopting the analysis of the Third and Tenth Circuits, we too find that a remand order is the functional equivalent of an order to dismiss.  The practical effect of remand orders and orders to dismiss can be the same; in both, cases are permitted to proceed in state rather than federal court.

Because he was not authorized to enter a dispositive remand order, the magistrate judge's April 1999 remand order in case CV-29 was not a valid order.  *See* 28 U.S.C. § 636(b)(1)(A).  The opinion accompanying the magistrate judge's April 1999 order should be treated as "proposed findings and recommendations" and  the district court "shall make a de novo determination of those portions" of the opinion to which defendants objected.   28 U.S.C. § 636(b)(1)(C). Defendants objected to the magistrate judge's finding that, pursuant to 28 U.S.C. § 1446(a), removal was not proper because Morgan failed to timely join with all other defendants to remove the case.  Both the magistrate judge and the district court have subsequently found that Morgan did timely join with all other defendants in removal.  On remand, the district court should give effect to Morgan's timely notice.

### b. Jurisdiction

Even if a remand motion is dispositive, plaintiffs argue that both the district court and this court lack jurisdiction to consider the magistrate judge's April 1999 remand order. This court, however, is not reviewing the merits of the remand order.  Instead, we are reviewing the district court's legal determination that it could not review the merits of the

staying a federal court action pending adjudication of the dispute in state court. *Quackenbush*, 517 U.S. at 714.

Courts that have held that a remand motion is nondispositive have generally done so on two grounds: 1) a remand motion is not among the list of dispositive motions contained in § 636(b)(1)(A) and 2) a remand motion is unlike the dispositive motions enumerated in § 636(b)(1)(A) because it is "not dispositive of a claim or defense of a party." *See* Fed R. Civ. P. 72(a). As this court has held that the list of dispositive motions in § 636(b)(1)(A) is nonexhaustive, the argument that a remand motion is nondispositive solely because it does not appear in that list fails. *See Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999). We need only consider the argument that a remand motion is nondispositive because it is unlike enumerated dispositive motions.

District courts, including the district court below, have been the only courts to publish decisions in support of remand motions being nondispositive. *See, e.g.*, *Vogel v. U.S. Office Prod. Co.*, 56 F. Supp.2d 859, 863-64 (W.D. Mich. 1999); *Banovetz v. King*, 66 F. Supp.2d 1076, 1078 n.1 (D. Minn. 1999).

The district court below concluded that remand motions are nondispositive. *See Vogel*, 56 F. Supp.2d at 863-64. It explained that remand motions are "of a different character" than and "are also dissimilar to" the types of dispositive motions enumerated in § 636(b)(1)(A). *Id*. at 863. A motion to remand is dissimilar to the enumerated dispositive motions because each enumerated motion can terminate a case, while remand motions simply send the case back to state court. *See id*. For example, the district court decided that motions leading to dismissal are dissimilar from remand motions because when a case is dismissed it is truly over. "An affirmative act by the plaintiff, refiling, is required to resuscitate it [the dismissed case]. A remanded case is not over. Instead, it returns seamlessly to the state court from which it was removed." *Vogel*, 56 F. Supp.2d at 863.

dispositive because it is "substantially similar to several of the listed motions"); *Massey v. City of Ferndale*, 7 F.3d 506, 509-10 (6th Cir. 1993) (holding that a motion for Rule 37 sanctions is dispositive); *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 169-70 (6th Cir. 1993) (holding that a motion to certify a district court order for interlocutory appeal is dispositive); *Bennett v. General Caster Serv.*, 976 F.2d 995, 997 (6th Cir. 1992) (holding that a motion for Rule 11 sanctions is dispositive); *United States Fid. & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085 (6th Cir. 1992) (holding that because a motion to realign parties would either destroy or preserve diversity jurisdiction, motions to realign are dispositive); *Woods v. Dahlberg*, 894 F.2d 187, 187-88 (6th Cir. 1990) (holding that a motion to proceed in forma pauperis is dispositive because it is the functional equivalent of an involuntary dismissal).

If a motion is dispositive, a magistrate judge may issue only proposed findings and recommended dispositions in response to that motion. *See* 28 U.S.C. § 636(b)(1)(B). Only a district court judge can issue a dispositive order. *Id*. After being served with a copy of a magistrate judge's recommended disposition, a party has ten days within which to file objections with the district court. *See* 28 U.S.C. § 636(b)(1)(C). A district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. Where a party is "informed by the magistrate that objections must be filed within ten days" and no objections are filed, further appeal is generally waived. *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). But where a party files objections after ten days, a district court can still consider them. *See, e.g.*, *Patterson v. Mintzes*, 717 F.2d 284, 286 (6th Cir. 1983).

Only in cases where parties consent to a magistrate judge's exercise of plenary jurisdiction, may the magistrate judge issue effective rulings on all matters, including dispositive motions. *See* 28 U.S.C. § 636(c)(1). But no consent was

granted here. And, if a motion is nondispositive, a magistrate judge, without the consent of the parties, has the power to enter orders which do not dispose of the case. *See* Fed. R. Civ. P. 72. The district court can reconsider a magistrate judge's nondispositive order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Appeals from a magistrate judge's nondispositive order must also be made within ten days. *See* Fed R. Civ. P. 72(a).

While this court has not previously considered whether remand orders are dispositive, others have. Courts that have held that a remand motion is dispositive have based their decisions on the proposition that a remand motion has the same functional effect as dispositive motions enumerated in § 636(b)(1)(A). The only two circuit courts to directly address the issue in published opinions, the Third and Tenth Circuits, have held that a remand motion is dispositive, *see First Union Mortgage Corp. v. Smith*, 229 F.3d 992 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142 (3d Cir. 1998), and the Supreme Court has suggested that a remand motion is functionally indistinguishable from a dispositive motion listed in § 636(b)(1)(A). *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 713-14 (1996). Additionally, many district courts have treated remand motions as being dispositive. *See, e.g.*, *Williams v. Conseco, Inc.*, 57 F. Supp.2d 1311, 1312-13 (S.D. Ala. 1999); *Bristol-Myers Squibb Co. v. Safety Nat'l Cas. Corp.*, 43 F. Supp.2d 734, 737 (E.D. Tex. 1999); *Long v. Lockheed Missiles & Space Co.*, 783 F. Supp. 249, 251 (D.S.C. 1992); *Winners Corp. v. Lafayette Life Ins. Co.*, 734 F. Supp. 812, 813 (M.D. Tenn. 1989).

In *In re U.S. Healthcare*, 159 F.3d at 145-47, a case where a magistrate judge entered a remand order sua sponte and a district court treated the remand as nondispositive and nonreviewable, the court ordered that a writ of mandamus be issued directing the magistrate judge to vacate his remand order because an order remanding an action to state court is

dispositive. It concluded that remand motions are dispositive because they "preclusively determine the important point that there will not be a federal forum available to entertain a particular dispute." *Id.* at 145.

Specifically, the Third Circuit stated that a remand motion "is no less dispositive than" a motion for involuntary dismissal, which is a dispositive motion listed in § 636(b)(1)(A). *Id.* at 146. Thus, the Third Circuit concluded that a magistrate is also without power to end a federal action by entering a remand order. *See id.* at 145-46.

In *First Union*, 229 F.3d at 992, another case where a magistrate judge entered a final remand order without district court review, the Tenth Circuit adopted the Third Circuit's reasoning: "[A] remand order is a final decision or dispositive action that must ultimately be made by district court to survive Article III scrutiny. That means that a magistrate judge may recommend a remand so long as the ultimate decision is made by the district court." *Id.* at 996 (quotations and citations omitted). Because the magistrate judge was not authorized to enter a dispositive order, the Tenth Circuit remanded the case to the district court with instructions that it vacate the magistrate judge's remand order. *First* Union, 229 F.3d at 997.

The Supreme Court's analysis in *Quackenbush*, 517 U.S. at 706, supports the conclusion that a remand motion, where granted, has the same effect on litigation as dispositive motions enumerated in § 636(b)(1)(A). In *Quackenbush*, the Court held that an abstention-based remand motion is a "final decision" under 28 U.S.C. § 1291 because it is functionally indistinguishable from a motion for an abstention-based stay. *Quackenbush*, 517 U.S. at 713-14. A motion for injunctive relief is dispositive. *See* 28 U.S.C. § 636(b)(1)(A). Employing similar analysis to that found in *U.S. Healthcare* and *First Union*, the Court stated that because both put the litigants in the case "effectively out of court," an abstention-based remand was effectively the same thing as an order