DLD-174                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4768
_____

NEVILLE SYLVESTER LESLIE,
Appellant

v.

UNITED STATES OF AMERICA; MARY SABOL, Warden of York County Prison;
DEPUTY WARDEN DOLL, of York County Prison;
DEPUTY WARDEN STERNER, York County Prison;
DONALD L. REIHARD, Assistant Solicitor of York County Prison;
THOMAS DURAN, Warden of Clinton County Prison;
OFFICER HERNANDEZ 21, Clinton County Prison
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:10-cv-01005)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or for
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 28, 2011

Before:  BARRY, FISHER and ROTH, Circuit Judges.

(Filed: July 21, 2011)
_____

OPINION
_____

PER CURIAM

Neville Sylvester Leslie, an immigration detainee proceeding pro se, appeals from the District Court's December 15, 2010 order dismissing his civil rights complaint without leave to amend. For the reasons that follow, we will summarily affirm in part, summarily vacate in part, and remand for further proceedings.

I.

In 1998, Leslie, a native and citizen of Jamaica, was sentenced to 168 months' imprisonment after he pleaded guilty in federal court to conspiracy to possess and distribute fifty grams or more of "crack" cocaine. Upon completing that sentence in 2008 – his prison term was reduced in light of an amendment to the U.S. Sentencing Guidelines – he was placed in the custody of Immigration and Customs Enforcement ("ICE") pursuant to an immigration detainer and charged with being removable on account of his conviction. ICE initially housed him at Clinton County Prison in Pennsylvania, and later transferred him to York County Prison (also in Pennsylvania), where he is currently confined.

In April 2008, an Immigration Judge ("IJ") ordered Leslie's removal from the United States, and the Board of Immigration Appeals ("BIA") subsequently upheld that decision on appeal. While Leslie's petition for review of the BIA's decision was pending in this Court, he filed a habeas petition pursuant to 28 U.S.C. § 2241 in the District Court, arguing that his continued detention was unconstitutional. The habeas petition also raised Eighth Amendment claims relating to the conditions of his confinement.

2

In April 2009, the District Court dismissed Leslie's habeas petition. We summarily affirmed that judgment on appeal, concluding that his challenge to his detention was premature, and that a habeas petition was not the proper vehicle for raising his Eighth Amendment claims. See Leslie v. Att'y Gen. of the U.S., 363 F. App'x 955, 958 (3d Cir. 2010) (per curiam). In July 2010, we granted his petition for review in his immigration case, vacated the BIA's decision, and remanded for a new removal hearing before the IJ. See Leslie v. Att'y Gen. of the U.S., 611 F.3d 171, 173 (3d Cir. 2010). It appears that those immigration proceedings remain pending before the agency.

Meanwhile, in May 2010, Leslie filed a pro se civil rights complaint in the District Court against the United States of America and several prison officials from the aforementioned county prisons. The complaint, which sought 30.1 million dollars and injunctive relief, alleged that (1) Leslie's continued detention violated his Fifth Amendment rights, (2) the defendants were violating the Thirteenth Amendment's prohibition on involuntary servitude by requiring him to participate in prison work details while in custody, and (3) the defendants were violating his Eight Amendment right to be free from cruel and unusual punishment.

A subset of the defendants ultimately moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), and the District Court referred the motions to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). In October 2010, the Magistrate Judge issued a report recommending that the District Court dismiss Leslie's complaint in its entirety without leave to amend. In doing so, the report concluded that (1) to the extent Leslie

3

sought his release from custody, a civil rights action was not the proper vehicle for raising this claim; (2) to the extent he sought to raise claims against the United States, either pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), or the Federal Tort Claims Act ("FTCA"), the doctrine of sovereign immunity barred him from doing so; and (3) his claims against the prison supervisors failed to allege that they were personally responsible for the claimed mistreatment. The report further concluded that, "[b]eyond these threshold flaws," Leslie's claims failed on the merits, and that any amendment to the complaint would be futile.

On December 15, 2010, the District Court adopted the Magistrate Judge's report, granted the defendants' motions to dismiss, and dismissed Leslie's complaint without leave to amend for failure to state a claim. In doing so, the District Court stated that "[b]ecause [Leslie] has made clear in his earlier filing that the present action is for civil rights violations and not habeas, we will not address the detention issue in the present matter." (Dist. Ct. Mem. 18 (citation omitted).) The court further noted that Leslie's "concerns regarding detention will properly be addressed in [his immigration] proceeding." (Id.) Leslie now seeks review of the District Court's judgment.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise de novo review over the District Court's dismissal of Leslie's complaint for failure to state a claim. See Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). "[I]n deciding a motion to dismiss, all well-pleaded allegations of the complaint must be

4

taken as true and interpreted in the light most favorable to the plaintiff[], and all inferences must be drawn in favor of [him]." McTernan v. City of New York, 577 F.3d 521, 526 (3d Cir. 2009) (quotation marks and citation omitted). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Having reviewed Leslie's complaint and considered his arguments in support of this appeal, and for substantially the reasons given by the District Court, we agree with the court's dismissal of Leslie's claims under the Fifth and Thirteenth Amendments. We note, however, that because the District Court declined to rule on his Fifth Amendment challenge, that claim's dismissal should be *without* prejudice. We now turn to Leslie's Eighth Amendment claims.

To the extent his Eighth Amendment claims were brought against the United States, we agree with the District Court that, for substantially the reasons set forth in its decision, these claims are barred by the doctrine of sovereign immunity. Additionally, to the extent he alleges that the named prison officials did not provide him with a particular medication to treat his "gas problem" because that medication was not on the prison's formulary, we agree with the District Court's analysis and conclusion that this claim fails to state an Eighth Amendment violation.

But contrary to the District Court's reading of Leslie's complaint, the above-noted allegation is not the only Eighth Amendment challenge that he appears to raise. Rather,

5

he also alleges that he complained about pain in his pancreas for eight weeks but did not receive any medical attention, and that two detainees who had tuberculosis were placed in his prison "dormitory." He also appears to claim that he has not been treated for a torn bicep muscle, which is causing him to lose the use of his right hand. Because the District Court did not address these allegations, we will remand the matter so that it may do so. On remand, the District Court may wish to direct Leslie to amend his complaint, as it is unclear whether he exhausted these claims, and he has not made clear against whom he intends to assert them.

In light of the above, and because this appeal does not present a substantial question, we will take summary action in this appeal pursuant to Local Appellate Rule 27.4 and I.O.P. 10.6. Specifically, we hold that: (1) the District Court's December 15, 2010 order is hereby modified to reflect that the dismissal of Leslie's Fifth Amendment claim is without prejudice; (2) that order, as modified, is (i) summarily affirmed with respect to Leslie's Fifth and Thirteenth Amendment claims, all of his Eighth Amendment claims against the United States, and his Eighth Amendment claim that prison officials failed to prescribe him a particular medication for his "gas problem," and (ii) summarily vacated with respect to Leslie's remaining Eighth Amendment claims against the named prison officials; and (3) the matter is remanded for further proceedings. Leslie's motion for appointment of counsel on appeal is denied, as is his "motion for leave to supplement

6

questions."[1]  We have considered Leslie's remaining arguments and conclude that they

lack merit

---

[1] Contrary to Leslie's argument in support of his "motion for leave to supplement questions," the District Court properly referred the motions to dismiss to the Magistrate Judge for a report and recommendation, and the court did not need Leslie's consent to do so. See 28 U.S.C. § 636(b)(1)(B); In re U.S. Healthcare, 159 F.3d 142, 145 (3d Cir. 1998). Although Leslie correctly notes that all parties must consent to a Magistrate Judge's exercise of jurisdiction under § 636(c), that provision was not at issue here.